COCKRAN vs. THE STATE.

[INDICTMENT FOR ENTICING APPRENTICE.]

1. *Transcript, authentication of; when sufficient.*—A transcript of the judicial proceedings of a court of record in this State is sufficiently authenticated to be admissible in evidence in any other court of the State when certified by the proper officer under the seal of the court.

2. *Minor, order of probate court apprenticing; when valid.*—An order of the probate court apprenticing a minor on the application of his mother, because she is unable to support him, is not void on the ground that the application was made by the mother, it not appearing that he had any father ; nor because no notice was given to the minor and no guardian *ad litem* appointed to represent him.

3. *Apprenticeship ; what act does not avoid.*—The mere abandonment of service by the apprentice does not avoid the apprenticeship ; nor can the master release himself from his obligation without leave of the court.

APPEAL from Circuit Court of Pike.
Tried before Hon. J. McCALEB WILEY.

THE appellant was indicted and convicted under section 3690 of the Revised Code for enticing away a minor. It appears that in 1865 Wade Hampton Turner, a minor, eleven years of age, was, upon the application of his mother, apprenticed by the probate court to A. J. Lane. The proof offered of this, was an exemplified copy of the proceedings from the records of that court, under its seal. The appellant objected to the admission of this record, upon grounds fully stated in the opinion, but his objection was overruled. The apprentice remained with Lane, with slight intervals of time, from the time he was apprenticed until a night in

the spring of 1871, when he left Lane's home without his knowledge. The next morning the apprentice was found upon appellant's premises, who was then notified that he had hired an apprentice, and was requested to return the apprentice to Lane; this he refused, saying he had hired the boy from his mother, as he had a right to do.

There was evidence that in 1869 Lane had returned the apprentice to his mother, refusing to keep him longer; but Lane afterwards received the apprentice again, and had him in his employment when the apprentice left to go to appellant.

The court refused, at the repuest of the defendant, to charge the jury, that if Lane had ever discharged the minor from his employment, legally or illegally, they could not convict defendant if they believed that he hired the apprentice afterwards.

This charge the court refused, and defendant excepted.


B. F. SAFFOLD, J.—The appellant was convicted on an indictment for enticing away an apprentice, under section 3690 of the Revised Code.

At the trial, he objected to the introduction of evidence of a writing certified by the probate judge of Barbour county, to be a correct copy from the records in that office, to which transcript and certificate was affixed the seal of the probate court of Barbour county, with a one dollar State stamp attached and cancelled by the probate judge of said court. This transcript recited a petition by Jane Turner, a freed woman, residing in Barbour county, Alabama, to have apprenticed her five children, from eleven years to six months old, including Wade Hampton Turner, the one alleged to have been enticed away, on the ground that she was unable to support them. This petition was subscribed by Jane Turner, with her mark, and by Shorter and Seals as her attorneys. It was sworn to before the probate judge. The transcript also contained the order of the court that letters of apprenticeship issue to Alexander Lane.

The grounds of the objection to this writing as evidence

are—1st. That the alleged transcript is not properly authenticated. .2d. It is void as an order or judgment of the probate court, because rendered on the application of the mother of the children only, and without notice to the children, or representation of them by a guardian or other person.

The usual manner of proving a record in this State is by an exemplified copy under the seal of the court in which it is. Our courts are required by act of Congress to receive in evidence the records and judicial proceedings of the other States of the Union when so authenticated, the attestation being certified by the proper magistrate to be in due form. The seals of courts instituted for the public administration of justice prove themselves.—2 Phil. Ev. 313-6. The indenture of apprenticeship was shown to be lost by its proper custodian, and there was no valid objection to proving the fact of the apprenticeship by the certified copy of the record of the court issuing the letters.

Unless the proceeding in the probate court is void, the appellant, being a stranger, had no right to question its regularity.—*Dupree v. Perry*, 18 Ala. 34. The court of probate is authorized to bind out as apprentices the children of any person unable to provide for their support, until the age of twenty-one years.—Revised Code, § 1450. The letters of apprenticeship may be revoked at any time. § 1433. Sheriffs, justices of the peace, and all other civil officers of the several counties, are enjoined to report such cases to the court.—§ 1454. Full proof of the suitableness of the master to have charge and care of the minor is to be made, and a proper bond is to be taken from him for the performance of his duties.—§ 1455. Any parent having a minor child, may apprentice such child as provided for in the statutes respecting the care of the poor.—§ 1462. Provision is made for notifying the father of a minor, or the mother if there is no father, of the proceedings to apprentice the child.—§ 1464. But there is no such requisition of notice to the child, or even of its consent. This is amply provided for in the authority of the court to revoke the letters for good cause at any time. Besides, the assent

of the infant is not necessary in case of paupers.—2 Kent Com. p. 264.

Though all the regulations for apprenticing a minor be not precisely followed, the deed is only voidable by the parties.—13 Johns. 245. Nor does a mere abandonment of service by the apprentice avoid it.—Rev. Code, 1457; 16 East, 13, 27.

As a master may not release himself from the obligation into which he has entered except on good and satisfactory cause shown to the court.—Rev. Code, 1460. So if he has violated his duty in this respect, he may resume its performance again, until he is removed or discharged. We find no error in the record.

The judgment is affirmed.