## OWEN *vs.* THE STATE.

[INDICTMENT UNDER § 3690 OF REVISED CODE FOR ENTICING APPRENTICE TO LEAVE THE SERVICE OF HIS MASTER.]

1. *Indenture of apprenticeship made by probate judge under section 1450 of Revised Code; how regarded.*—An indenture of apprenticeship, made by a probate judge, under section 1450 Revised Code, is to be regarded as a deed, and when offered as evidence its execution must be proved as other deeds.

2. *Same; jurisdiction of probate judge, what sufficient to show.*—The jurisdiction of a probate judge in any particular case sufficiently appears, if it be stated in the indenture of apprenticeship itself, that the parents of the child thereby bound out are unable to provide for its support.

3. *Variance; what is not.*—On the trial of an indictment, under section 3690 Revised Code, for enticing, decoying or persuading an apprentice to leave the service or employment of his master, if an indenture of apprenticeship is offered by the State, to prove that the person charged to have been enticed, &c., was an apprentice, and the name in the indictment is George Blair, and in the indenture he is called a certain boy, named George, this is not a variance, but a defective description that may be aided by parol proof.

APPEAL from the Criminal Court of Dallas.
Tried before Hon. GEO. H. CRAIG.

The appellant was indicted and convicted under § 3690 of the Revised Code, for decoying or persuading George Blair and Joseph Moore, apprentices of James A. Blair, to leave the service of said James A. Blair.

It appears from the bill of exceptions, that the solicitor offered on the trial to read in evidence to the jury the articles of apprenticeship of the apprentices named in the indictment, "having first clearly shown that the persons named in the indictment and in the articles of apprenticeship were the same, and not different persons."

The first article of apprenticeship offered to be read to the jury was an indenture under the hands and seals of said James A. Blair and the probate judge of Dallas

county, and recited that the said probate judge "has placed, bound and apprenticed a certain boy named George, aged about ten years, with him, the said James A. Blair, to dwell as an apprentice, until he, the said George, shall attain the full age of twenty-one years, according to the statute in such cases made and provided, the parents of the said George being unable to provide for his support, &c." Then followed the stipulations and agreements required to be entered into by the master under § 1451 of the Revised Code. The execution of this indenture was attested by a witness.

The other article of apprenticeship, with the exception of the name of the apprentice, which was stated to be "Joe, freed boy," was identical with the first.

The defendant objected to either of said articles of apprenticeship being read to the jury; 1st. Because it was not shown that the court of probate had jurisdiction to make and sign and did sign them.

2d. Because there was a variance in the names stated in the indictment and in the names in said articles of apprenticeship.

The court overruled the objections and permitted the articles of apprenticeship to be read to the jury, and defendant excepted.

The rulings of the court to which exception was reserved is now assigned as error.

JASPER N. HANEY, for appellant.

JOHN W. A. SANFORD, Attorney-General, contra.

PECK, C. J.—Indentures of apprenticeship made by the probate judges, under section 1450, Revised Code, or, as they are called in section 1453, letters of apprenticeship are to be regarded as deeds rather than records, and as the manner in which they are to be proved is not stated, before they can be read as evidence on the trial of an indictment, under section 3690, Revised Code, for enticing, decoying or persuading an apprentice to leave the service

or employment of his master, their execution must be proved as other deeds are proved. They clearly do not prove themselves; therefore, the objection of the defendant to the reading the indentures of apprenticeship, offered as evidence in this case, on the part of the State, because their execution was not proved, was well taken, and should not have been overruled.

2. The other two objections—the one as to the jurisdiction of the probate judge to make said indentures, and the other on account of the alleged variance in the names of the apprentices, as stated in the indictment, and in the said indentures of apprenticeship—were properly overruled.

1. As to the objection to the jurisdiction of the probate judge to make said indentures, said section 1450 declares that "the judge of probate of each county may bind out, as apprentices, the children of any person unable to provide for their support, until the age of twenty-one years, if a male, and eighteen, if a female." This section confers on probate judges jurisdiction of the subject matter. The only fact necessary to give a probate judge jurisdiction under said section, of any particular case, is, that the person or persons to be apprenticed or bound out, are the children of persons who are unable to provide for their support. This jurisdictional fact the probate judges, respectively, must determine for themselves, when they assume to act in any particular case ; and their judgment, in the premises, can only be reviewed in a direct proceeding for that purpose, and can not be impeached in any collateral proceeding. This jurisdictional fact appears to have been ascertained by the probate judge before he bound out the apprentices named in said indentures. In each indenture it is stated that the parents of the child to be thereby bound, were unable to provide for his support. We think it manifest the indentures offered in evidence were made under said section 1450, and as the mode or manner of ascertaining the jurisdictional fact, under said section, or what shall be the evidence of it, is not stated, we hold it sufficient if it be stated in the indentures them-

selves. That is done in these indentures; consequently, there was no error in overruling this objection.

When the probate courts assume to act under section 1454, the reports required to be made to said courts by the officers named in said section, are sufficient to give said courts jurisdiction to apprentice the persons named in such reports. Proceedings, under this section, are required to be recorded, and it may be such records would be the only proper evidence to sustain the jurisdiction of said courts, in such cases, but it is unnecessary to decide, and we do not decide this question in this case, but leave it open to be decided when it becomes necessary.

2. We think there is nothing in the alleged question of variance. It is, really, rather a question of identity than of variance. The identity of the apprentices named in the indictment, and in the said indentures of apprenticeship, was proved without objection before the said indentures were offered in evidence. If a second name had been given to the apprentices, in the said indentures, different from that stated in the indictment, then the objection would have been a good one, but as this is not the case, there is no substantial variance, but rather a mere defective description, which, we hold, may be aided by parol evidence.

Mr. Greenleaf says, "where the time, place, *person,* or other circumstances are not *descriptive* of the fact or degree of the crime, *nor material to the jurisdiction,* a discrepancy between the allegation and the proof is not a variance."—1 Greenl. Ev. § 65.

For the error mentioned, the judgment is reversed and the cause remanded for another trial.