## Case No. 12,502.

### In re SCHWARTZ.

[14 Blatchf. 196; [1] 15 N. B. R. 330; 52 How. Prac. 513; 15 Alb. Law J. 350.]

Circuit Court, S. D. New York. April 9, 1877.

BANKRUPTCY—RIGHT OF CREDITOR TO PROSECUTE CLAIM—DISCHARGE—PROVABLE DEBT.

1. Section 5106 of the Revised Statutes, which enacts that no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit therefor against the bankrupt, until the question of his discharge shall have been determined, applies to all provable debts, as well to those which, under section 5117, would not be discharged, as to others.
[Cited in Re Cohen, Case No. 2,961; Re Van Buren, Id. 16,833; Re Alsberg, Id. 261; Re Schwarz, 14 Fed. 788.]
[Cited in Brooks v. Bates (Colo. Sup.) 4 Pac. 1,072.]

2. A claim arising out of a contract for the purchase and sale of merchandise is a provable debt, within § 5106, although the sale was made because of a false representation by the debtor as to his pecuniary affairs, and the prosecution of such claim may be enjoined, under § 5106, if it be prosecuted in an action sounding in damages.
[Cited in Re Pitts, Case No. 11,190; Re Van Buren, Id. 16,833.]

[In review of the action of the district court of the United States for the Southern district of New York.]

[In the matter of Henry Schwartz, a bankrupt.]

Anthony R. Dyett, for creditors.
Alexander Blumenstiel, for bankrupt.

JOHNSON, Circuit Judge. On the 4th of March, 1876, the district court denied an application made by the petitioners to vacate a stay of proceedings in a suit in a state court against the bankrupt, brought by them, and which had been stayed by an ex parte order of the district court, on the 14th of February, 1876. The petitioners now apply to have this order of March 4, 1876, reversed, upon

───────────

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

review, in this court. The question involves the construction of section 5106 of the Revised Statutes. This section enacts, that "no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined." It is contended, on the part of the petitioners, that, notwithstanding the generality of the language employed, which embraces every provable debt, it ought to be construed not to include any debt which, under the provisions of section 5117 of the Revised Statutes, would not be discharged even though the bankrupt should obtain the statutory discharge. Debts of this class are designated, in that section, as those created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character. They further insist, that the demand upon which their suit is brought against the bankrupt is not a provable debt. This latter proposition cannot, in my judgment, be maintained. Their statement of their own case shows that the claim originated in what, in form, at least, was a contract for the purchase by the bankrupt, and the sale by them to him, of merchandise in the line of his business. The fact that he is charged with having fraudulently induced the petitioners to make the sale, by false representations of his pecuniary affairs, does not exclude the claim from the class of provable debts. It is still the price that is claimed, under the name of damages for the fraud. Even if their complaint in the state court is so framed that they cannot recover unless they prove the fraud, according to the laws of the state, it does not cease to be, in the language of the bankrupt act [of 1867 (14 Stat. 517)], a debt created by the fraud of the bankrupt. Had the action of the petitioners taken the form of an action for the recovery of the specific merchandise sold, founded upon a complete rescission of the contract, a different question would have been presented. Where a claim originates in contract, although fraudulently induced, and is prosecuted in an action sounding in damages, it continues to constitute a provable debt, even though the fraud must be proved to entitle the plaintiff to a recovery.

The question to be determined in this case is, therefore, the general one. whether, the debt being provable. the creditor is at liberty to proceed, upon the ground that debts which cannot be discharged are impliedly excepted from the purview of section 5106. This question has been fully discussed in several cases, in the district courts. In re Rosenberg [Case No. 12,054]; In re Ghirardelli [Id. 5,376]. I concur entirely in the views presented by Judge Blatchford, in the opinion in the first of the cases cited. The bankrupt is entitled, until the question of his discharge is settled, to be protected by the court in bankruptcy, except in the cases specified in the bankrupt law. That the creditors have not proved their claim in the bankruptcy does not affect the question. The section relates to debts provable, which, of course, includes those which have not been proved.

As the application of the petitioners to vacate the stay of proceedings followed so closely the granting of the stay, there cannot have been at that time any unreasonable delay, on the part of the bankrupt, in endeavoring to obtain his discharge. The adjudication of the defendant to be a bankrupt, on his voluntary application, was in December, 1875, his assignee was appointed February 10, 1876, and the application for a stay of proceedings immediately followed, as before stated. On this review, the decision must have relation to the facts upon which the district court acted.

The order under review must be affirmed, and the clerk will certify to the district court that the order of that court in this matter, made March 4, 1876, refusing the application of the petitioners to vacate the stay of proceedings and injunction granted on the 14th of February, 1876, is affirmed.