# Brinster *v.* Compton.

*Petition for Writ of Habeas Corpus.*

1. *Apprenticing pauper minors; powers of judge of probate.*—Under the statute providing for apprenticing pauper minors (Code, §§ 1734-54), no machinery or form of proceedings is prescribed for putting into exercise the powers conferred thereby on the judge of probate ; and he may proceed to apprentice such minors on the report of the sheriff, justice of the peace, or other civil officer of the county, or *ex proprio motu.* The only limitation on such power is the requirement of the statute, that he must notify the minor's father, or his mother, if he has no father, when such father or mother is living in the county.

2. *Same; conclusiveness of letters in collateral proceedings.*—When the letters of apprenticeship of a pauper minor recite that such minor has no parents to provide for him, the recital shows that the judge of probate had jurisdiction to apprentice the minor; and the validity of the letters can not be assailed in a collateral proceeding,—as on petition for writ of *habeas corpus* subsequently sued out by the father of the minor, seeking the minor's discharge from the custody of the master.

[Brinster v. Compton.]

3. *Habeas corpus by father to obtain custody of his child.*—When a a minor is out of the custody of his father, and *habeas corpus* is resorted to by the latter to obtain such custody, the court is clothed with a sound discretion to grant or refuse relief, always to be exercised for the benefit of the infant primarily, but not arbitrarily in disregard of the father's natural right to be preferred. If the father be reasonably suitable, and able to maintain and rear his child, the prayer of his petition should ordinarily be granted; but if he be unsuitable or unable properly to care for the child, and especially if the child, having sufficient judgment, prefer not to return to him, the court should refuse the relief sought and leave the parties *in statu quo*.

APPEAL from order made by Hon. LUTHER R. SMITH, Judge of Seventh Judicial Circuit, on *habeas corpus* by a father for the custody of his children, who had been apprenticed by the judge of probate.

This was a petition for a writ of *habeas corpus* presented by Friday Compton, the appellee, to the Hon. Luther R. Smith, alleging that the appellee was the father of Ben and John Compton, minors, whose respective ages were nineteen and fourteen; that they were legally restrained of their liberty by Hiram T. Brinster, the appellant, who held said minors under letters of apprenticeship which were issued on the statement, that they had no parents living; that they were apprenticed without his knowledge or consent; that Ben was over eighteen years of age when he was apprenticed, and that the appellee is fully able to provide for his children, and, as their father, he is entitled to the possession and custody of them. A copy of the letters of apprenticeship is attached to the petition. The writ was issued, and in obedience thereto the appellant produced the bodies of the said minors before the judge, setting up in his return to the writ, as the cause for their detention by him, an indenture made and entered into by and between himself and the judge of probate of Choctaw county, where the appellant and said minors resided, by which they were apprenticed to him. On the hearing, evidence was offered on the part of the appellee, showing his relationship to the minors, and tending to show his ability to support his children; and on the part of the appellant, tending to show that when the children were apprenticed to him, they were in destitute circumstances; that they were motherless, and had been abandoned by the appellee for several years, who had done nothing towards their maintenance and support, not even informing them where he was, or that he was alive.

The judge made an order directing the custody of the children to be given to the appellee, from which this appeal was taken. This order is here assigned as error.

[Brinster v. Compton.]

GLOVER & TAYLOR, for appellant.   (1).  The judge of pro-
bate had jurisdiction under the statute to apprentice the
minors, and the validity of letters of apprenticeship can not
be impeached in this, a collateral proceeding.—*Cockran v.
The State,* 46 Ala. 714; *Owen v. The State,* 48 Ala. 328; Code
of 1876, § 1734; 51 Ala. 34; *Bland v. Bowie,* 53 Ala. 152.
(2).  The apprenticeship not being void, any inquiry into the
regularity or justice thereof was beyond the jurisdiction of
the circuit judge in this proceeding.—2 Brick. Dig. p. 66, § 37;
*Ex parte Burnett,* 30 Ala. 461; Code of 1876, § 4961; *Mathews
v. Hobbs,* 51 Ala. 210.   (3).   The appellee's proper remedy
was an application to the judge of probate to revoke the
letters of apprenticeship.—Code of 1876, § 1736.

THOS. W. COLEMAN and S. T. PRINCE, *contra.*   (1).  *Habeas
corpus* was the appellee's proper remedy. 31 Ala. 425; 40 Ala.
297;   Code of 1876, § 4936.   (2).  There is nothing in the
record to show that the judge of probate had jurisdiction to
apprentice the minors.   There is no transcript from the
office of the judge of probate, no petition by the parents or
report of any officer giving the judge of probate jurisdiction.
Nor does the indenture of apprenticeship show such juris-
diction.   The only statement in it is this, "said minors hav-
ing no parents to provide for them," which is insufficient,
48 Ala. 328.   (3).  The father was living in an adjoining
county, and no notice was given.—Code of 1876, § 1745.

STONE, J.—Our statutes make large provision for appren-
ticing pauper minors, who have no parents, or whose parents
are unable to support them.   See Code of 1876, commencing
with section 1734.   That section authorizes the judge of pro-
bate to " bind out as apprentices the children of any person
unable to provide for their support, until the age of twenty
one years, if a male, and eighteen years, if a female."   Sec-
tion 1736 provides that for good cause shown, the judge of
probate may at any time revoke any letters of apprenticeship,
and bind out the apprentice to another.   And a parent, hav-
ing a minor child, may, for like reasons, apprentice such
minor child.—Section 1743.   The statute prescribes no form
of proceedings for having an infant pauper apprenticed.   The
duty is confided to the judge of probate, and no machinery is
furnished for putting his powers into exercise.   Section 1737
of the Code contemplates, that he shall take action, when-
ever the sheriff, a justice of the peace, or other civil officer of
the county reports to him a minor under the age of eighteen
years, who is an orphan without visible means of support, or
whose parents have not the means, or who refuse to provide

[Brinster v. Compton.]

for the support of such minor ; and he .must apprentice all other such minors as may otherwise come to his knowledge. This, we are bound to hold, he may do *ex proprio motu*. The only limitation we can find to this authority is in section 1745, which requires that the probate judge must notify the minor's father, or his mother, if he has no father, when such father or mother is living in the county.—See *Martin v. Mott*, 12 Wheat. 19 ; *Stuyvesant v. Mayor*, 7 Cow. 588 ; *Vanderheyden v. Young*, 11 Johns. 165. In *Owen v. The State*, 48 Ala. 328, construing this statute, PECK, C. J. said : " This jurisdictional fact the probate judges respectively must determine for themselves, when they assume to act in any particular case ; and their judgment in the premises can only be reviewed in a direct proceeding for that purpose, and can not be impeached in any collateral proceeding. This jurisdictional fact appears to have been ascertained by the probate judge before he bound out the apprentices named in said indentures. In each indenture it is stated that the parents of the child to be thereby bound, were unable to provide for his support. . . As the mode or manner of ascertaining the jurisdictional fact, under said section, or what shall be the evidence of it, is not stated, we hold it sufficient if it be stated in the indentures themselves." See also *Cockran v. The State*, 46 Ala. 714. The indenture in this case recites, that the apprentices were respectively of the ages of 16 and 11, " the said minors having no parents to provide for them." This case falls precisely within the influence of *Owen v. The State, supra*, and the circuit judge should not have discharged the apprentices in this collateral proceeding. Code of 1876, section 4962.

But there is another view of this case, equally fatal to the prayer of the petition. When an infant child or minor is out of the possession and custody of the father, and *habeas corpus* is resorted to by the latter to obtain such custody, it does not follow as necessary matter of right, that the prayer of ·the petition will be granted. The court is clothed with a sound discretion to grant or refuse relief, always to be exercised for the benefit of the infant primarily, but not arbitrarily in disregard of the father's natural right to be preferred. If the father be reasonably suitable, and able to maintain and rear his child, his prayer should ordinarily be granted. If, on the other hand, he be unsuitable or unable properly to care for his offspring, and especially if that offspring, having sufficient judgment, prefer not to return to him, the court should grant no relief in the premies, but leave the parties *in statu quo*.—*Ex parte Boaz*, 31 Ala. 425. Under the testimony shown in this record, aside from the indenture of apprenticeship, the minors should not have been

[Ex parte John Hardy.]

restored to their father. He had abandoned them in their helpless infancy, motherless, and making no provision for their support; remained in a county not far remote from them for eight years, without letting them know where he was, or that he was living, and without even inquiring after them, so far as this record informs us. Conduct, so unnatural and unfeeling, appeals in vain for judicial assistance.

The case of pauper minors, if not among the gravest, is at least one of the most sacred functions the law casts on probate judges. A proper exercise of the powers the law clothes them with, will be a great check on pauperism, if not on crime.

The judgment of the circuit judge is reversed, and the proceedings dismissed at the costs of the appellee.