## *In re* SCHWARZ, Bankrupt.

### (*District Court, S. D. New York.* June 6, 1882.

1. INJUNCTION—VIOLATION OF ORDER STAYING SUITS.

Where a bankrupt obtained an injunction order from this court staying all suits and proceedings against him on the part of certain creditors, their agents and attorneys, to collect certain specified debts, and thereupon a suit by one of the creditors was discontinued, and afterwards a new suit was brought through the same attorneys in the state court for the recovery of the same debt, with allegations of fraud, *held,* that the last-named suit was a violation of the injunction order.

2. SAME—VACATING ORDER OF ARREST.

This court has no authority to vacate an order of arrest for fraud granted by the state court, though it may restrain the proceedings thereon.

3. CONTEMPT—INSUFFICIENT PROOF OF SERVICE—WAIVER.

On motion to punish the attorney for contempt, the proof of service of the injunction was held too loose and general; and a reference was ordered to take further proof in respect to the service of the injunction order. *Held,* also, that the contempt, if proved, was not waived by the bankrupt's noticing the cause for trial in the state court.

In Bankruptcy.

*A. Blumenstiel,* for the motion.

*D. T. Porter,* opposed.

BROWN, D. J. I am not referred to any authority for this court's vacating an order for the arrest of the bankrupt granted by the superior court, although it might have enjoined the parties from proceeding under the order. The motion to vacate the order of arrest must, therefore, be denied. The implied injunction or restraint upon suits against the bankrupt by force of the operation of the bankrupt law itself (section 5106, etc.) does not furnish any foundation for proceedings for contempt in this court, because the United States courts cannot punish for contempt except for disobedience of some express

order or command of the court itself. Rev. St. § 725; *In re Cary,* 10 Fed. Rep. 625.

The only question remaining is whether the injunction order of December 13, 1875, after due service, has been violated. The decision in the *Case of Schwarz,* 15 N. B. R. 330, is an express adjudication of the circuit court that the suit of Ewart & Son could not be prosecuted during the pendency of the bankruptcy proceedings until the determination of the court on the question of the bankrupt's discharge, notwithstanding the fact that the debtor would not be discharged by reason of fraud. In that case the prosecuting creditor had not proved his claim. The case is still stronger where, as in this case, the creditor has proved his claim in bankruptcy; since, by section 5105, it is declared that he shall not "be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him."

. I do not think the injunction order of December 13, 1875, can be held, upon its fair construction and meaning, to be limited to the prosecution of suit already commenced. The language of the first part of the order is "that all suits and proceedings on the part of William Ewart & Son, C. A. Auffnordt & Co., H. B. Claflin & Co., or either of them, their agents and attorneys, against the said bankrupt, to collect the debt set forth, be and the same are hereby stayed to await the determination of the court in bankruptcy on the question of the discharge herein."

To discontinue a pending suit under such an order, and then immediately commence a new one for the recovery of the same essential claim, would be an evasion of the meaning and plain intent of the injunction order. To hold a party for contempt, the terms of the injunction alleged to be violated should, doubtless, be reasonably plain and free from ambiguity. Although, in a certain technical sense, the term "stay" may be said to apply to proceedings already commenced, yet its general meaning is "to forbear to act;" "to stop," (Webst. Dict.;) and by this meaning of the word "stay," in the phrase above quoted from the injunction order, the intent is plainly expressed to stop all proceedings to collect the debts referred to. To stop proceedings necessarily means to stop, not past proceedings alone, but future ones also, and applies equally to proceedings pending and to proceedings *de novo.*

The suit then pending for debt on contract was discontinued; the one recently commenced is really for the same debt, although accompanied by allegations of fraud, which, under the Code, must

be proved to entitle the plaintiff to recover. Code, § 549, subd. 4. It is therefore within the injunction, and the plaintiff's agent and attorney are guilty of contempt in disobeying this order by commencing the recent suit without leave of this court, if the injunction order was duly served on them or came to their notice.

The proof of service of the order, however, is too general and loose to warrant the court in imposing a fine; a reference will, therefore, be ordered to take proof as to the service of the original injunction order. The proceedings in the superior court on the part of the defendant, in answering and in noticing the cause for trial, do not purge the plaintiff's agents and attorneys of their contempt in disobeying the order, whatever may be their effect otherwise; nor does the extrardinary delay of the bankrupt in proceeding for his discharge. The remedy of the creditor has long been open to vacate the stay. Until regularly discharged, or modified, it must be respected