BROOKS V. BATES ET AL.

1. In a complaint it is not proper to anticipate a defense, and, upon motion to strike out, such matters should be rejected.
2. The statute of limitations does not run against a creditor who is prevented by a superior law from bringing his action.
3. Where a plaintiff, for the purpose of avoiding defendant's plea of the statute of limitations, avers in his replication the pendency of voluntary proceedings under the bankrupt law by the defendant, the claim sued upon being a provable one in the bankruptcy court, it further devolves upon plaintiff to also sufficiently aver that the same has not been proved therein.
4. The court in bankruptcy may, under the statute, upon application of the bankrupt, restrain proceedings of a creditor in the state court, upon a provable claim, where there has been no unreasonable delay by the bankrupt in procuring his discharge. But if the bankrupt neglects to invoke the aid of the bankruptcy court in that way, no valid objection exists to the state court adjudicating the question when properly presented therein.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. STALLCUP, LUTHE and SHAFFORTH, for plaint-
iff in error.

Mr. M. B. CARPENTER, for defendants in error.

HELM, J.   The motion to strike certain averments from
the complaint was properly sustained.   These averments
related to the statute of limitations; their purpose was to
show that no bar of the action had arisen thereunder.
This was anticipating a defense of which advantage might
not be taken.   Without the rejected matter, the com-
plaint stated a cause of action; upon its face no bar was
disclosed by virtue of any existing limitation statute; no
new promise was relied on; hence by no possible con-
struction would a special demurrer lie thereto, under the
rule stated in *Buckingham v. Orr*, 6 Col. 387.   The
matters averred were wholly unnecessary, and were ap-
propriately reached by the motion to strike.

The second assignment of error is not so easily dis-
posed of.   Defendant W. L. Bates, in his answer, for a
second defense pleads the statute of limitations; he in-
vokes the benefit of the sixteenth section thereof, as it
existed prior to 1879; this section referred to causes of
action upon contracts accruing without the state, and
operated to prevent a recovery where pleaded, in suits
begun upon such causes of action over two years after
the same matured.

Plaintiff, by his amended replication, first pleaded facts
which, if true, would have avoided the plea of the stat-
ute, viz.: that defendant did not become a resident or
citizen of Colorado; that he was never in the state, even,
until after the sixteenth section aforesaid had been re-
pealed.   Then, as a second ground of replication, he
averred that defendant was duly adjudged a bankrupt
by the United States district court for the northern dis-
trict of Illinois, in proceedings under the national bank-
ruptcy act then in force; that the note upon which
plaintiff brought this suit was a claim provable in said

proceedings; that defendant had never been discharged in bankruptcy, and that he had unreasonably delayed taking the necessary steps to procure such discharge.

The object of the latter plea was to show that before the unreasonable delay above mentioned, plaintiff could have brought no independent action in Colorado upon the note; and therefore, that in any event, being prevented by a superior law from bringing suit, the statute of limitations aforesaid did not run against him, but that, by defendant's delay under the bankruptcy law, a right to maintain this suit finally sprung into existence. See *Greenwald v. Appell*, 3 Col. L. R. 552.

To the replication a demurrer was filed. The theory maintained in support of this demurrer is that, if plaintiff's claim was actually *proved* in the bankruptcy court, he was thereby estopped from maintaining another action therefor; that whether the claim were so proven or not, that court was the only forum which had jurisdiction to determine the question of unreasonable delay on the part of the bankrupt in procuring his discharge; and that its consent was an essential prerequisite to suit before any other tribunal, upon the note here declared on.

Thus three questions are presented by this demurrer: *First.* Was it necessary for plaintiff to aver in his replication an omission to prove his claim in the bankruptcy court, and, if necessary, did he sufficiently do so? *Second.* Is that the only tribunal clothed with power to determine whether or not there has been the "unreasonable delay" mentioned by statute in procuring a release in bankruptcy? And *third*, should the replication have contained an averment of consent first obtained from the court of bankruptcy, to bring this action?

We assume, of course, that plaintiff was duly served with the usual creditor's notice of the bankruptcy proceeding.

The first of the foregoing questions arises under section 5105, Revised Statutes of the United States, which

was a part of section 21 of the bankruptcy act of 1867, and reads as follows: "No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him." * *

This, like nearly every other provision of the statute, has received judicial construction, though its language is so plain that it hardly seems to admit of conflicting views. Without reviewing or comparing cases, we shall simply adopt the conclusion reached in *Dingee v. Becker*, 9 B. Reg. 508, interpreting this provision in the light of the entire act. "If the bankrupt unreasonably delays his application for a discharge, or is guilty of laches in his efforts to bring it to a conclusion, the creditor who has proved his debt *is still incapable of proceeding elsewhere without permission of the court of bankruptcy*." * * *

The reason for this construction is that, under the law, a creditor who proves his claim in the bankruptcy proceeding thereby voluntarily submits to the jurisdiction of the bankrupt court, and waives any right he might have had to maintain, upon his own volition merely, a suit elsewhere.

It was, in our judgment, necessary for plaintiff to show in his replication that his claim had not been proved, or to aver consent to sue elsewhere, first obtained from the bankruptcy court. But we think the former fact was sufficiently pleaded.

Provable claims are practically divided by the bankruptcy act according to *status* before the bankruptcy court, into two classes, viz.: those which have been proved, and those which have never been presented therein. The foregoing provision of the statute is confined to the former; the succeeding section applies to the latter. This succeeding section, as we shall presently see, uses the term "provable," to distinguish from the class of claims alluded to in the preceding section, as

well as in contradistinction to claims that could not be proved in the court of bankruptcy; and when plaintiff in his replication declares that the note in suit is a provable claim, following such declaration with the averment of unreasonable delay, it is apparent that he intends to place himself within the purview of the latter section. We think the pleading sufficiently accomplishes this purpose; it was hardly necessary to add the negative averment, that the claim had not been proved in the bankruptcy proceeding.

The alleged fact is in issue; and upon the trial, if defendant offers evidence establishing the proof of the note in the court of bankruptcy, this action will be defeated.

The remaining points presented by the demurrer are closely connected, and cannot well be considered separately. The statutory provision last above mentioned is section 5106, Revised Statutes of the United States, which is also the latter part of section 21 aforesaid. It declares that "no creditor whose claim is *provable* shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of discharge shall have been determined; and any such suit or proceeding shall, upon application of the bankrupt, be stayed to await his discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." * * *

Counsel differ as to the meaning of the words "to prosecute," used in the foregoing section. Our view is that these words relate equally to suits brought before the bankruptcy proceeding and those instituted while it is pending.

It would be a narrow construction to limit this expression, and consequently the entire section, to the former class of cases. The legal meaning of the phrase "to prosecute" is "to proceed against judicially." Had congress intended to confine this provision to suits begun before the proceeding in bankruptcy, the insertion of two

words at most would have placed such purpose beyond cavil; but the context and spirit of the whole act sustain our interpretation of the words.

It is not clear, from the language used, whether the suit mentioned in the statute is to be stayed by a restraining order from the bankruptcy court, or by order of the court in which it is pending. The statute simply says, " such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy."  *  *  *  It fails to designate the forum in which this application of the bankrupt shall be made. Therefore we are not aided by this expression in determining the question under consideration.

If a state court has power to say, in suits like the one at bar, when the unreasonable delay mentioned by the statute exists, in our judgment, no previous consent of the court in bankruptcy is essential to the bringing of a creditor's action in the proper tribunal. So, when we have answered the second question raised by the demurrer, we have answered the third also.

There is excellent reason for saying that the bankruptcy court is the only proper tribunal to determine whether or not the bankrupt has been guilty of unreasonable delay in procuring his release. For that court is most familiar with all the proceedings in bankruptcy and best prepared to give intelligent judgment in the premises. Upon this theory, and upon principle, also, such courts have taken jurisdiction to temporarily restrain parties from proceeding in actions pending before state courts, upon " provable claims " which had not been proved as well as those which had been. *In re Schwartz*, 14 Blatchf. 196. See, also, *Phelps v. Selleck*, 8 B. Reg. 390, and likewise cases hereinafter referred to.

On the other hand, it is said that " The creditor who has not proved his debt has no *status* in the court of bankruptcy. He has never submitted to its jurisdiction, and his right to proceed is no further affected than it is

affected by the restraining words of the statute. But this restraint is, by the very words of the statute, subject to a condition, and that condition is that the restraint shall not exist if the bankrupt does not use reasonable diligence to obtain his discharge.    *    *    *

" In the case, therefore, of a creditor who has not proved his debt, there is no reason for sending him into the court of bankruptcy to apply for permission to proceed. If there has been unreasonable delay, the proceedings in bankruptcy do not arrest his suit, and he has a right to proceed, which he has not surrendered by any act of his, and which the law has not taken away from him.    *    *    * In such a case, therefore, the question of unreasonable delay must necessarily be a question to be determined by the court in which the creditor's action is pending." *Dingee v. Becker, supra.* See, also, adopting a similar interpretation, *Calvert v. Peebles,* 80 N. C. 334. In the latter case the suit was begun before proceedings in bankruptcy were instituted; but under our view, above declared, of the statute, this fact does not affect the question. In *National Bank of Clinton v. Taylor,* 120 Mass. 124, the action was stayed by application in the state court.

We are disposed to adopt the conclusion reached in the case of *Dingee v. Becker, supra,* to the extent of holding that, under circumstances presently stated, the state court may decide the question, though we do not concur in all the reasoning of that decision. We are not prepared to deny the entire jurisdiction of the bankruptcy court over creditors who have received the statutory notice of the proceeding therein, but have not yet presented their claims.

We intimate no opinion adverse to the propriety of a temporary restraining order issuing in cases like this from the bankruptcy court. The authority of that tribunal to restrain *parties litigant* in the state courts, whenever it was necessary to accomplish the purpose

designed by the bankruptcy act, seems to have been thoroughly established. See Bump's Law and Practice of Bankruptcy (10th ed.), 227 *et seq.*, 698 *et seq.;* also, 327 and 335. In a majority of the cases mentioned by Mr. Bump the injunction issued to prevent the enforcement of liens against the bankrupt's property, but in some instances the writ simply restrained the prosecution to judgment of suits like the one before us.

But if the bankrupt does not see fit, by his application to the court in bankruptcy, for an injunction to there settle the question of unreasonable delay, why should the state court be estopped from considering the subject? Why may he not, by his failure to act, waive a right to the statutory stay of proceedings through process issuing from the bankruptcy court? There seems to be no inconsistency in holding that, in the absence of such effort by him in that forum, the state court in which the action is pending may, under circumstances such as are here presented, take jurisdiction to determine this question.

Bearing upon the subject last discussed, see cases cited in Bump's Practice, page 702 *et seq.*

From the foregoing views, it follows that, in our opinion, the demurrer ought not to have been sustained.

The judgment will therefore be reversed and the cause remanded.

*Reversed.*