## In re HILTON.

(District Court, S. D. New York. November 24, 1900.)

BANKRUPTCY—PROVABLE DEBT—STAY OF SUIT ON UNLIQUIDATED CLAIM.

An unliquidated claim that might have been liquidated and proved against a bankrupt under the provisions of Bankr. Act 1898, § 63b, but which was voluntarily withheld until after the expiration of the time for proving claims, should be treated as a provable debt, from which the bankrupt will be released by a discharge under section 17; and he is entitled to an order staying a suit thereon subsequently brought in a state court, as provided in section 11, pending the determination of his application for a discharge.

In Bankruptcy. On motion to set aside an order staying proceedings in a state court.

Saunders, Webb & Worcester, for creditor.

James F. McNaboe, for bankrupt.

BROWN, District Judge. The principal question presented on this motion is whether an unliquidated claim that might have been liquidated and proved against the bankrupt, but which was voluntarily withheld for more than 15 months after adjudication and until the expiration of the period allowed by section 57(n) for proving claims, should be treated as a "provable debt" under section 17, so as to be barred by the bankrupt's discharge, and entitling the bankrupt to a stay on a pending suit thereon in the state court under section 11. In my judgment it should be so treated. The facts are as follows:

On November 1, 1895, G. W. Johnston made a written contract with the firm of Hilton, Hughes & Co., in which the bankrupt was a partner, whereby Johnston was agreed to be employed for five years from that day as clerk and superintendent at a salary of $7,500 per year, payable monthly. Johnston continued in this employment until August 25, 1896, when the firm failed and made a general assignment to their creditors. Johnston was paid up to that date and discharged from further service. On the 4th of January, 1899, Mr. Hilton presented his voluntary petition in bankruptcy and was adjudicated a bankrupt on that day. On January 24th Johnston died, leaving a will under which his executors qualified in May following. In the bankrupt's schedules Johnston was named as a creditor for an unliquidated demand for breach of contract. The first meeting of creditors was held on February 9, 1899. No steps were taken by the executors to liquidate Johnston's claim to damages for the breach of his contract until June 3, 1900, when they commenced suit in the supreme court of the state, claiming $10,000 damages. The bankrupt obtained in November, 1899, a stay of proceedings, which the executors now move to set aside, on the ground that the claim is not a "provable debt," and would not be barred by the defendant's discharge as a bankrupt. The question of his discharge has not yet been determined, the bankrupt's application therefor being still in litigation.

The contract and the breach of it, upon which the demand in suit is based, originated long before the bankruptcy proceedings. It is

stated, as I have said, in the schedules. It only remained to liquidate the amount of the damages arising out of the breach of the contract to make it provable like any other debt. Section 63(b) expressly provides for the proof of such claims, to be liquidated "in such manner as the court shall direct." Having made this provision, it is impossible to suppose that it was the intent of the act to allow a creditor voluntarily to withhold such a claim from liquidation and thereby preserve it as a claim against any subsequently acquired property, and thus practically defeat the object of the bankrupt act as respects the debtor, to free him from the load of former obligations. Section 17 provides that the discharge shall release the bankrupt from all his "provable debts," etc. A "provable debt" as here used means, in my judgment, any claim that the creditor may make provable through the means provided by section 63(b). See Bump, Bankr. (10th Ed.) 572; Rankin v. Railroad Co., 1 N. B. R. 647, 651, Fed. Cas. No. 11,567. Section 1 (11) in defining terms declares: "'Debt' shall include any debt, demand or claim provable in bankruptcy." I cannot doubt that the intent of these words, "claim provable in bankruptcy," was to include every claim that under the provisions of the bankrupt act might be made provable; and the definite provision of section 63(b) for making unliquidated claims provable is, I think, precisely what is intended to be included in those words as distinguished from the previous word "debt." In my judgment, therefore, this claim as a claim that could be made provable in the manner provided by the act, would be barred by the bankrupt's discharge.

Similarly, section 11, as respects the stay of suits, is not confined to technical debts or fixed liabilities, but includes "a suit which is founded upon a claim from which a discharge would be a release"; and in like manner general order 30 of the supreme court (18 Sup. Ct. viii.) extends to "claims" provable in bankruptcy. As the bankrupt is proceeding diligently for his discharge, the stay should, therefore, be continued until that question is determined. In re Schwartz, 15 N. B. R. 330, Fed. Cas. No. 12,502.