# Pearce & Co. *v*. Fisher.

## *Assumpsit.*

(Decided Jan. 11, 1911.   54 South. 164.)

1. *Bankruptcy; Discharge; Effect.*—Under the bankruptcy act, a claim for unliquidated damages for breach of contract is provable, and is released by a discharge in bankruptcy.

2. *Evidence; Judicial Records; Certified Copy.*—Under sections 3983 and 3986, Code 1907, a copy of a discharge in bankruptcy, certified as a true copy by the clerk of the bankrupt court, together with the seal of the court, is properly received in evidence.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Jim Pearce & Co., against T. H. Fisher for breach of contract.   Judgment for defendant and plaintiff appeals.   Affirmed.

E. B. & K. V. FITE, and A. F. FITE, for appellant. The court erred in refusing to strike plea A and in overruling demurrers to the same.—Secs. 17, 63, 57, Bankrupt Act; Collier on Bankruptcy, 450-1. The transcript of the discharge in bankruptcy was not properly authenticated for its admission in evidence under the Code.

C. E. MITCHELL, and JAMES E. ALEXANDER, for appellee. A claim for unliquidated damages is provable in bankruptcy, if for breach of contract, and hence, a discharge releases such damages.—Secs. 17, 63, Bankruptcy Act; Loveland on Bankruptcy, 337; *Fourth Nat. Bank v. Farncklyn,* 120 U. S. 747; *Crawford v. Burke,* 195 U. S. 176; *In re Milton,* 104 Fed. 981. Hence, the court committed no error in refusing to strike plea A, or in overruling demurrers thereto, as

the pleas were sufficient in allegation.—*Cochran v. The State,* 46 Ala. 714. The copy of the discharge was sufficiently authenticated for its admission in evidence.— Authorities supra, and *Pac. G. Co. v. Mullins,* 66 Ala. 582; *Clements v. Taylor,* 65 Ala. 363; *Lock v. Winston,* 10 Ala. 849; *Dothard v. Sneed,* 69 Ala. 135; Secs. 3983 and 3986, Code. 1907.

DOWDELL, C. J.—The questions presented by the assigments of error arise out of rulings of the court in respect to defendant's plea designated as plea A. This plea sets up a discharge in bankruptcy of the defendant. After motion to strike and demurrer to plea being overruled, the plaintiff replied generally, and on this issue the case was tried, resulting in a verdict and judgment in favor of the defendant.

The theory and contention of the appellant is that, the third count of the complaint being in tort and the damages sought to be recovered not being a provable claim, a discharge in bankruptcy furnishes no defense to said count. The third count is predicated on an alleged negligent performance by the defendant of his contract with the plaintiff, the terms of which are set out, resulting in damages to the plaintiff. It is not disputed that, while the damages claimed are unliquidated, yet they are capable of being rendered such. The damages claimed, although the count is in case, arise out of the breach of an express contract. Such a claim does not come under the class of claims exempted from a discharge in bankruptcy, as provided in the bankrupt act of Congress (Act July 1, 1898, c. 541, 30 Stat. 550, 562 [U. S. Comp. St. 1901, pp. 3428, 3447])—section 17 of said act. This section provides what claims are released by the discharge and what are exempted. Section 63 enumerates the provable claims. Section 63

provides as follows: "Unliquidated claims against the bankrupt may, pursuant to application to the court be liquidated in such manner as it may direct, and may thereafter be proved and allowed against his estate." These sections were under consideration in the case of *Crawford v. Burke,* 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, and the construction there put upon them is opposed to the contention of counsel for appellant in the present case. We think the case just cited, on principle, is conclusive of the question before us. See, also, Loveland on Bankruptcy, p. 829; *In re Quilman,* (D. C). 104 Fed. 981; 5 Cyc. 325, 326.

The court committed no error in overruling the demurrer and the motion to strike.

The copy of the discharge offered in evidence was certified as a true copy by the clerk of the bankrupt court granting the discharge, and attached to it was the seal of the court. This was sufficient to render it competent and admissible in evidence.—*Pacific Guano Co. v. Mullen,* 63 Ala. 363; *Clements v. Pearce,* 63 Ala. 284; *Cochran v. State,* 46 Ala. 714; Code 1907, §§ 3983, 3986.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.