# Woodward *v.* The State.

### *Violating Prohibition Law.*

(Decided June 19, 1912.   Rehearing denied July 11, 1912.
59 South. 688.)

1. *Jury; Venire; Objection.*—An objection to a venire based on the fact that two of the jury commissioners disagreed with the third in the selection of the jurors as to placing in the jury box the names of jurors suggested by him is not available, as section 3 makes the action of any two binding as the action of the commission. (Acts 1909, p. 317.)

2. *Intoxicating Liquors; Evidence; Certified Copy of Record.*—Under section 3983, a certified copy of the stub of an internal revenue license and stamp tax issued by the collector of internal revenue of the United States authorizing one to engage in the business of a retail liquor dealer is a record required to be kept in the office of a public officer, and when properly certified to by the collector, it becomes competent evidence.

3. *Constitutional Law; Right to be Confronted by a Witness.*—A constitutional right of a defendant to be confronted by witnesses against him is not infringed by section 3983, Code 1907.

4. *Intoxicating Liquors; Illegal Sale; Evidence.*—In a prosecution for violating the prohibition law, testimony that the beverage found had the color of whisky, is admissable in connection with testimony that the bottles were labelled whisky, and that there was an odor of whisky in the place.

5. *Courts; Controling Decisions.*—The Court of Appeals being required by the statute to follow and conform its rulings to the rulings of the Supreme Court, the question of the constitutionality of section 4, Acts 1909, p. 64, is not open, since it has been decided in the negative by the Supreme Court.

[Woodward v. The State.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

M. E. Woodward was convicted of violating the prohibition laws, and he appeals. Affirmed.

CALLAHAN & HARRIS, for appellant. The court erred in permitting it to be shown that the beverage found was colored like whisky.—*Wright v. The State,* in MSS. The court erred in admitting the certified record of the stub kept in the U. S. Internal Revenue Office.— Sec. 2340, U. S. Rev. St.; Sec. 3983, Code 1907; 10 Enc. of Evi. 875; 1 Greenl. 498; *Earl v. The State,* 77 S. W. 376. Paragraph 3 of the Fuller Bill repealed expressly section 7361, Code 1907. The section of the Code authorizing such certificates to be introduced in evidence is violative of the constitutional right of defendant to be confronted by witnesses against him.—*Wills v. The State,* 73 Ala. 364. Under the authority of *Bailey v. The State,* 31 Sup. Ct. Rep. 145, it must be held that section 4 of the Fuller Bill is unconstitutional.—Section 6, Constitution 1901; Section 1 of the 14th Amendment to the U. S. Constitution.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The constitutionality of section 4 of the Fuller Bill has been determined.—*Toole v. The State,* 54 South. 195. The certified copy of the Revenue license is properly admitted.—*Roden v. The State,* 58 South. 71; Sc. 22½, Acts 1909, p. 84.

PELHAM, J.—The defendant was convicted for a violation of the prohibition laws. Motion was made, before entering on the trial, to quash the jury panel on various grounds, alleging irregularity in relation to the action of the jury commissioners in *selecting* the

jurors, but averring no fraud in *drawing* or *summoning* them, and we are not authorized, under the present jury law, to consider any other objection taken to a venire of jurors except for fraud in drawing or summoning the jurors.—Acts Sp. Sess. 1909, p. 317, § 29.

The facts set out in the motion to quash the jury panel were not sufficient to show a fraud in the selection of the jurors. In effect, it showed that two of the jury commissioners disagreed with the third commissioner as to placing in the jury box certain persons suggested by him. The jury commission is given a discretion, in passing on the qualifications of suitable persons, in the selection of the names to be placed in the jury box (Jury Law [Acts 1909, p. 309] § 11), and any two of the commission constitute a quorum, and their action is binding as an act of the commission (Jury Law, § 3). The provisions of the statute in relation to the selection of names to be placed in the box is not mandatory, but directory merely.—Jury Law, § 29. The court is required to qualify all of the jurors before impaneling them (Jury Law, § 18); and the defendant had the right to have the jury purged of all disqualified jurors, and to secure a jury without bias or prejudice, before proceeding to strike the jury.—*Morris v. McClellan,* 169 Ala. 90, 53 South. 155; *Steed v. Knowles,* 97 Ala. 573, 12 South. 75; *Davis v. Hunter,* 7 Ala. 135. These cases have reference to a struck jury, demanded by one of the parties. The same rule would prevail when a struck jury is provided by statute.—Jury Law, § 32.

On the trial of the case, the court allowed the state, over timely objection made by the defendant, to put in evidence a paper, certified by the collector of United States internal revenue for the district of Alabama as being a copy of the stub of a certain internal revenue li-

cense and internal revenue tax stamp, issued by the collector to the defendant and another, authorizing them to engage in the business of a retail liquor dealer. It is contended that the admission in evidence of this stub and accompanying certificate by the collector is unauthorized and erroneous. Section 3983 of the Code is as follows: "All transcripts of books or papers, or parts thereof, required by law to be kept in the office of any public officer, when certified by the proper custodian thereof, must be received in evidence in all courts; and it is no objection to such transcript that the book from which it is taken is a copy of office books belonging to the United States." The book or paper designated as a stub is a record required by the federal statutes to be kept in the office of the collector (3 Fed. St. Ann. p. 607, § 3238; page 683, § 3312), and was properly received in evidence, under section 3983 of the Code. See, also, section 3986 of the Code; *Pearce & Co. v. Fisher,* 170 Ala. 456, 54 South. 164, and authorities there cited.

There was no error in allowing the certificate authenticating the copy of the record to go to the jury. It was a certificate by the proper custodian of the record of the facts within the range of the officer's official cognizance, and related only to the matters contained in or shown by the record or paper authenticated, and stated that the copy certified contained a complete record of everything on file, and amounted to no more than a proper official verification of the record, and was admissible in connection with the record or copy authenticated. Unless accompanied by the proper certificate, the copy of the record would have no probative force; the copy was only admissible "when certified by the proper custodian thereof" (section 3983), and the certificate was made admissible under the statute.

The objection to the admission of the certified copy of the stub, based on the ground that it is in violation of the defendant's constitutional right to be confronted with the witnesses against him, is not well taken. The transcript was of a record required by law to be kept in the office of a sworn public officer, and by the terms of the statute (section 3983), when properly certified, such a transcript "must be received in evidence in all courts."—*Stanley v. State,* 88 Ala. 154, 7 South. 273. Upon wise principles of policy, expediency, or necessity, it is held that there are exceptions to the general rule; and that it does not contravene the several clauses of the various state Constitutions, or that of the federal Government to the effect that the accused has the right to be confronted by the witnesses against him, to admit dying declarations (*Green v. State,* 66 Ala. 40, 41 Am. Rep. 744), the evidence of witnesses on a former trial that have since died, become insane, or left the state indefinitely (*South v. State,* 86 Ala. 617, 6 South. 52; *Lowe v. State,* 86 Ala. 47, 5 South. 435; *Thompson v. State,* 106 Ala. 67, 17 South. 512), or proof of facts essentially in their nature documentary by the introduction of the original record, or a copy officially authenticated, when such records are made competent evidence by statute.—12 Cyc. p. 543; *Hawes v. State,* 88 Ala. 37, 7 South. 302; *Reid v. State,* 168 Ala. 118, 53 South. 254.

The language used in the charge of the court, given at the instance of the state, seems to be somewhat confused as set out in the record. It is properly predicated on the payment of a retail license being prima facie evidence of the sale of the prohibited beverage (Acts 1909, p. 84, § 22½), and does not constitute error.

The court properly permitted the witness McCulloch to testify to the fact that the beverage found had a color

[Woodward v. The State.]

like whisky. The witness also testified that the bottles were labeled "whisky," and that there was an odor of whisky in the place. See opinion of this court, on application for rehearing in the case of *Ellis Wright v. State,* 4 Ala. App. 150, 58 South. 803.

The following charge, requested by the defendant: "The court charges the jury that the keeping of liquors or beverages that are prohibited by the laws of this state to be manufactured, sold, or otherwise disposed of in any building not used exclusively for dwelling does not constitute prima facie evidence that such liquors or beverages are kept for sale, or with intent to sell the same contrary to the law of this state"—is in direct contravention of the prohibition law.—Fuller Bill (Acs Sp. Sess. 1909, p. 64) § 4. Appellant's counsel argue in a supplemental brief filed by them that this section of the Fuller Bill is unconstitutional and void, because of being violative of section 1 of the fourteenth amendment of the Constitution of the United States, and of section 6 of the Constitution of the State of Alabama. Under the statute requiring this court to follow and conform its ruling to the opinions of the Supreme Court, the question of the constitutionality of this section of the act in question is not open for considertaion or discussion by this court after what has been said by the Supreme Court in the case of *Toole v. State,* 170 Ala. 41, 54 South. 195.

.We have discussed all the errors insisted on in an able brief filed by counsel for appellant, and have examined the other questions raised by the record, and find no reversible error.

Affirmed.