# Wright *v*. The State.

### *Violating Prohibition Law.*

(Decided Feb. 8, 1912.   Rehearing denied May 4, 1912.
58 South. 803.)

*Intoxicating Liquors; Evidence.*—The testimony of a witness merely that he had seen beverages sold at defendant's place of business that had the color of liquor, without any evidence tending to show how they tasted or smelled, or any testimony concerning the attending circumstances or surroundings, was of no probative value, and was not authorized by Section 32½; Acts 1909, p. 93.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Ellis Wright was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

TIDWELL & SAMPLE, for appellant. The defendant was entitled to the affirmative charge, as the evidence introduced was of no probative force, and was not authorized by section 32½, Acts 1909, p. 93.—*Allison v. The State*, 55 South. 454; *Smith v. The State*, 56 South. 390·

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly denied the affirmative charge.—*Grant v. The State*, 97 Ala. 35; *McIntosh v. The State*, 140 Ala.

137; *Guarreno v. The State,* 148 Ala. 637; *Untreinor v. The State,* 146 Ala. 133. A witness may testify that a beverage looked like wine.—*Dillard v· The State,* 39 South. 584; Woolen & Thornton on Intoxicating Liquors, Vol. 2, sec. 952.

WALKER, P. J.—There was evidence tending to show that the defendant was engaged in business as a retail dealer in beverages, and that there was found in his possession at the place where that business was carried on quite a varied assortment of prohibited liquors. That the existence of such a state of facts furnished some support for an inference that the defendant maintained an unlawful drinking place, as charged in the indictment, seems too plain to require discussion, especially in view of the prima facie import given by the statute to one's possession of such things at such a place.

The solicitor asked a witness for the state the following question: "Mr. Bell, I will ask you to state whether or not you have seen beverages sold in the defendant's place of business within 12 months before the finding of the indictment in this case, and if you have seen, at the defendant's place of business, any beverages sold of the color and odor of liquor." The defendant's objection to the question having been overruled, the witness gave the following answer: "I can't say that I ever saw the defendant sell liquor of the odor of intoxicating drinks. Within 12 months I have seen beverages sold at the de-defendant's place of business that had the color of liquor." The defendant duly excepted to the action of the court in overruling his motion to exclude the answer of the witness; the motion being based upon the ground, among others, that the evidence was illegal, irrelevant, and inadmissible. In such a prosecution as the present one the statute (Acts Special Session 1909, pp. 63, 93, § 32½) permits the state to give in evidence the fact that

the beverage which the evidence may tend to show that the defendant sold or otherwise disposed of possessed "the same color, odor and general appearance, or the same taste, color and general appearance of a prohibited liquor or beverage." Evidence that a beverage has the color, odor, and general appearance of whisky, for instance, or that it has the taste, color, and general appearance of beer, has some tendency to prove that it is a prohibited liquor within the meaning of that statute. But it cannot be said that proof of the mere color of a beverage has a logical or legitimate tendency to identify it as a prohibited liquor. It is not believed that it is within the intention of the statute to permit one to be convicted of an offense against the state's liquor laws by evidence having no more tendency to identify a beverage disposed of by him as whisky than it has to identify it as tea. It is a matter of common knowledge that evidence going no further than to show that a beverage looks like liquor does not legitimately tend to show that it is in fact a prohibited liquor. The groups of fact mentioned by the statute—the evidences furnished by both the senses of sight and smell, or by the two senses of sight and taste—have some probative value on an inquiry as to whether a given beverage comes within the prohibited class. The isolated feature of the color of the beverage is not entitled to any such probative effect. The mere circumstance that a beverage has the color of liquor does not furnish a support for an inference that it is in fact a prohibited liquor. The court was in error in overruling the defendant's motion to exclude the answer of the witness above quoted.

Reversed and remanded.

In Response to Application for Rehearing.

In the argument submitted in support of the state's application for a rehearing in this case it is suggested in effect that, in connection with other circumstances at-

tending the sale of a beverage, its color may be looked to in determining whether it was a prohibited liquor, though there is no evidence as to either its taste or smell. Nothing said in the foregoing opinion contravenes that proposition. The statutory provision mentioned is a rule of circumstantial evidence. It was not, and is not, claimed that it undertakes to make the circumstances it mentions the only ones by which the character of the beverage sold may be proved. It is not denied that it may be permissible, in support of a contention that a beverage sold was a prohibited liquor, to prove the color of it in connection with evidence of other circumstances attending the disposition of it, as, for instance, the kind of liquor usually kept by the defendant in such a receptacle as that from which the liquor in question was taken, the way of serving it, the price paid for it, the manner of drinking it, its effect upon the person served, and the character of the beverages of the color mentioned usually kept and disposed of by the defendant at the place and in the way described. But, while the existence of a combination of circumstances may afford a basis for a legitimate inference that a beverage sold was a prohibited liquor, the existence of one of those circumstances standing by itself, disassociated from anything else calculated to shed light on the inquiry, may be lacking in any probative effect. The only feature of the sale in reference to which the witness mentioned in the opinion testified was the color of the liquor sold. No other detail of the occurrence testified to by him was disclosed. There was no evidence of the attending circumstances or surroundings. The extent of the ruling which is brought into question by the application for a rehearing was that a statement by a witness that a beverage sold on an occasion in reference to which nothing else was shown was of the color of liquor was not admissible, as the fact testified to, standing by itself, did not furnish a basis

[Stearns v. The State.]

for a legitimate inference that what was sold was a prohibited liquor. A re-examination of the grounds upon which the ruling was based has not brought us to a different conclusion.—1 Woollen & Thornton on Intoxicating Liquors, § 5, note 50.

Application for rehearing overruled.

*Violating Prohibition Law.*

