## Strange *v.* The State.

### *Violating Prohibition Law.*

(Decided June 19, 1912.   Rehearing denied July 11, 1912.
59 South. 691.)

1. *Indictment and Information; Misnomer.*—Where the indictment charged that B. F. S., whose Christian name is otherwise unknown to the grand jury, violated the prohibition law, etc., it was proper to strike a plea of misnomer setting up that defendant's full name was Benjamin Franklin S., and that he was usually called Ben.

2. *Intoxicating Liquors; Evidence; U. S. Revenue Law.*—A certified copy of the stub of a certain internal revenue license and internal revenue stamp issued by the internal revenue collector to the defendant and another person authorizing them to engage in business as retail liquor dealers was admissible in evidence.

3. *Same; Jury Question.*—Under the evidence in this case it was a question for the jury as to whether the prima facie case made by the certificate of the internal revenue collector was overcome by other evidence.

4. *Same; Appearance of Liquor.*—Where witness had testified that the defendant kept prohibited liquors for sale, and the prosecution was for maintaining an unlawful drinking place, it is competent for the witness to testify that the beverage which he saw passed over the counter and imbibed, looked like whisky.

APPEAL from Morgan Law and Equity Court.
Heard before Hon. THOMAS W. WERT.

[Strange v. The State.]

B. F. Strange was convicted of an offense against the liquor laws, and he appeals. Affirmed.

The plea of misnomer is as follows: "Comes the defendant in the above-styled cause and in answer to the indictment says that his name is not B. F. Strange, but that his true name is Benjamin Franklin Strange, and he is called and answers to the name of Ben Strange, and this he is ready to verify; wherefore defendant says that the indictment in this case should be abated and quashed, and the defendant allowed to go hence." The indictment charged that B. F. Strange, whose Christian name is to this grand jury otherwise unknown, maintained an unlawful drinking place, etc.

KYLE & HUTSON, for appellant. Charge 1 should have been given, as there is no evidence set out in the bill of exceptions from which the jury could legally infer that the defendant maintained an unlawful drinking place on the 10th of February, 1911, the time for which the state elected to prosecute.—*Cook v. The State*, 1 Ala. App. 224. Section 4 of the Fuller Bill adds no force to the evidence in this case. The court erred in permitting it to be shown that the liquor looked like whisky.—*Wright v. The State, infra.* The court erred in striking the plea of misnomer.—*A. G. S. v. Clark*, 136 Ala. 461; *Murphy v. Farley*, 124 Ala. 279; *Troy Gro. Co. v. Potter*, 139 Ala. 359. The court erred in admitting the certificate of the internal revenue collector.— Section 3983, Code 1907; 10 Enc. of Evi. 875; 1 Greenl. 498; *Earl v. The State*, 77 S. W. 376. Section 7361, has been expressly repealed by the Fuller Bill.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motion to quash the venire was in the irrevisable discre-

tion of the court.—*Johnson v. State,* 134 Ala. 54; *Mose-ly v. State,* 1 A. A. 108; *Davis v. State,* 2 A. A. 200. The motion appears only by bill of exception; it cannot therefore, be reviewed, nor is it based on statutory grounds.—Acts 1909, p. 317, section 29. The internal revenue license was properly introduced in evidence.—Acts 1909, p. 84, section 22½; *Roden v. State,* 58 South. Rep. 71. The appeal should be dismissed. There is no judgment on the confession of judgment, it being "imperative that a judgment be rendered upon the confession."—*Wright v. State,* 103 Ala. 95.

WALKER, P. J.—The defendant's plea of misnomer was properly stricken on motion of the solicitor.—*Wellborn v. State,* 154 Ala. 79, 45 South. 646.

Following the rulings made in the case of *Woodward v. State, Infra,* 59 South. 688, the action of the court in overruling the defendant's motion to quash the panel of jurors in the case, and also its action in admitting in evidence, over the defendant's objection, the certified copy of the stub of a certain internal revenue license and internal revenue tax stamp, issued by the collector of internal revenue for the state of Alabama to the defendant and another person, authorizing them to engage in the business of retail liquor dealers, must be sustained.

The statute (Acts of Ala. Special Session 1909, pp. 63, 84, § 22½) makes the fact of the payment of the United States internal revenue liquor dealer's tax prima facie evidence that the party paying the same, at the place and during the time for which said tax was paid, had carried on the business of a retail liquor dealer, according to the terms of the special tax stamp. Under the evidence in this case, it was a question for the jury whether the prima facie showing made by the introduction of the certified copy of the stub, above mentioned,

was rebutted or overcome by evidence having a contrary tendency.

In connection with other evidence tending to prove that the defendant kept prohibited liquors for sale at the place and during the period in reference to which the witness J. T. White was testifying, it was permissible to elicit from him the statement that the beverages which he testified that he saw on sundry occasions passed over the counter to people and drunk out of glasses looked like whiskey. See opinion of this court, on application for rehearing, in the case of *Wright v. State,* 4 Ala. App. 150, 58 South. 803.

As there was evidence tending to prove the guilt of the defendant of the offense with which he was charged, prior to February 10, 1911, written charge 8, requested by him, was properly refused.

We find in the record no error prejudicial to the appellant.

Affirmed.

*Violating Prohibition Law.*

