## JOHN ELAM *vs.* THE STATE.

1. Under an indictment for retailing without a license in the general form allowed by the Code, (§ 1059,) the defendant cannot require the prosecuting attorney to state and elect, before any evidence is offered, for which one of the different varieties of retailing he intends to proceed.

2. But after the State has once made its election by offering evidence of one particular offence, it will be held to that election through all the future proceedings, and on a second trial under the same indictment will not be allowed to offer evidence of a different offence.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. EDMUND W. PETTUS.

THE appellant was indicted at the September term, 1853, of the Circuit Court of Tuskaloosa, for retailing, and was convicted ; but having taken an appeal to the Supreme Court at its June term, 1854, the judgment of conviction was reversed, and the cause remanded.—See 25 Ala. R. 53. Another trial was had at the September term, 1854, on the pleas of not guilty and former acquittal ; but before any evidence was introduced, as the bill of exceptions states, " the defendant moved the court that the solicitor for the State be required to state and elect for which of the three offences of retailing the defendant was to be tried ; which motion was overruled, and the defendant excepted."

" The State then introduced evidence tending to show that

the defendant, in the month of August, 1853, sold a quart of whiskey to one James McDowell ; that said James was then, and had been for many years before, a man of intemperate habits ; that he then lived in the neighborhood of defendant, and that his reputation in that neighborhood was then, and had been for many years, that of a very intemperate man ; that said James was, on the 4th of July, 1853, drunk at defendant's house, and in his presence." The defendant then introduced and read an indictment found against him at the September term, 1853, of the Circuit Court of Tuskaloosa, which was identical in every respect with that under which he was on trial ; " and proved that a trial had been had under said indictment at the present term of the court, on the plea of not guilty, and that the verdict of the jury was not guilty,— that a judgment of acquittal was rendered by the court on said verdict, and that said judgment was in full force. He then proved, that the act of retailing sought to be proved by the State on said trial was for selling a half-gallon of whiskey to the said James McDowell, on the 4th day July, 1853, and suffering the same to be drunk on or about his premises ; that on the former trial of this cause, when defendant was convicted, (and the conviction reversed and remanded by the Supreme Court,) one of the acts of retailing sought to be proved by the State against him was for selling the said half gallon of whiskey to the said James McDowell on the 4th day of July, 1853, and that the State did not, on said last named trial, offer any proof of the selling by defendant of spirituous liquors by the quart to the said McDowell in the month of August, 1853. The defendant then insisted, that the State should be confined on the present trial to the same acts of retailing for which the defendant was convicted on the previous trial of this cause, and moved the court to exclude from the jury the evidence relating to the selling of said quart of whiskey in the month of August, 1853 ; but said motion was overruled, and defendant excepted.

The court gave several charges to the jury, which were also excepted to, and which are now assigned for error ; but it is unnecessary to state them, as they are not noticed in the opinion. The other assignments of error embrace the rulings of the court above stated.

4

E. W. PECK, for the appellant, contended,—

1. That the court should have required the prosecuting attorney to elect for which of the three kinds of retailing specified in the statute the party charged was to be tried. Although the Code (p. 244, § 1059) authorizes *any* act of retailing to be proved, yet it does not authorize *every* act of retailing that may be committed, and every kind of retailing, to be successively gone into on the same trial.

2. The State should have been confined, on the second trial, to the same offence of which the defendant had been convicted on the first trial.

3. The evidence sustained the plea of former acquittal, and therefore the charge of the court was wrong. Where the same evidence will support both indictments, *autrefois acquit* is a good defence; and these two indictments being in the same words, and found at the same term of the court, the same evidence would support either.—1 Chitty's Criminal Law, top p. 369.

M. A. BALDWIN, Attorney General, *contra* :

1. It is a matter of discretion with the court, whether or not the prosecuting officer shall be compelled to elect for which offence he will proceed. The practice generally is, to refuse such motions, and leave the matter to the option of the solicitor.

2. After the case had been remanded for another trial, I know of no rule of law confining the State to the same evidence that was adduced on the first trial. Any offence against the law of retailing, not barred by the statute, and upon which no conviction or acquittal had been had, might be given in evidence on the second trial, whether it had been given in evidence on the former trial or not.

3. Both the charges given are in strict conformity with the decision of this court in 25th Ala. R. 53.

GOLDTHWAITE, J.—We see no error in the action of the court in overruling the motion made by the defendant below, to require the solicitor to state in advance for which of the different varieties of retailing he was to be proceeded against. The indictment, it is true, is general in its form,

but its sufficiency was determined when this case was last here (25 Ala. 53) ; but the fact that it is general and broad enough, under the Code, to allow evidence of any violation against the law of retailing, is not a sufficient reason for requiring the prosecuting officer to state beforehand the particular offence he intends to prove. At the common law, under an indictment containing but a single count, evidence of either one of several distinct and separate offences might be given in evidence, as in cases of different assaults committed on the same person, different affrays between the same persons, and in many other cases. If a defendant were to announce that he had committed several assaults on the person named in the indictment, and not knowing for which of these assaults the indictment was found against him, ask as a right that the prosecuting officer should state for which one of these offences he intended to proceed, we apprehend the court might very properly overrule his motion. The case at bar may be stronger than the one put, but it depends upon identically the same principle.

We think, however, the court erred, in not confining the State to the same offence in relation to which evidence had been offered on the former trial. The rule of the common law was, that where but one offence was charged, the evidence must be confined to one ; and the Code has not changed that principle, and could not, perhaps, do so without violating the constitutional right which the defendant has of having the offence passed upon by a grand jury. It allows, it is true, in certain cases, more than one offence to be charged, even in the same count (§ 3506) ; and when this is done, evidence as to each offence may be offered. The general form of the indictment allowed by section 1059 of Code, against retailers, does not, if followed, include more than one offence ; and the provisions in the same section, which allow any act in violation of the law to be proved under such an indictment, cannot, upon any sensible rule of construction, be intended to mean more than one act. In civil actions, if but one act is charged in the declaration, the plaintiff cannot give evidence of any other ; and it is also laid down, that if he prove one, he cannot waive that, and prove another.—Stante v. Pricket, 1 Campb. 473 ; 2 Greenl. Ev. § 86. In criminal cases, where

the grand jury have by their bill found but a single offence, the presumption is, unless it otherwise appear from the indictment, that the act to which the evidence offered by the State relates, is the one to which the indictment refers ; and if that presumption is correct, it would necessarily exclude evidence as to any other. The true rule, therefore, is to hold the State to the act to which the testimony relates, if it can be covered by the indictment, and but one offence is charged. If the prosecuting officer deems it for the interest of the State, that evidence as to different offences should be offered, he must frame the indictment accordingly ; which is in every case very easily done. We have laid down the rule generally, and think that, after the election is once made by offering evidence on the part of the State, it holds through all future stages. The same reasons exist for its application on the second trial as on the first. The election once made, in the mode we have stated, becomes an act in the cause, and cannot be separated from it.

Judgment reversed, and cause remanded.