# Jackson *v.* The State.

*Indictment for Wanton Injury to Bull.*

1. *Election by prosecution.*—On a prosecution for wantonly killing or injuring a bull, the first witness examined having testified that he saw the defendant shoot the bull on a Friday morning, at a place named, may be asked if he had ever seen any other injury inflicted on the bull by the defendant at any other time; and having then testified that, on the next Monday, in a different field, he saw the defendant again shoot it; the prosecution is not limited to the first shooting, but may elect to proceed for the second.

FROM the District Court of Lauderdale and Colbert.

Tried before the Hon. W. P. CHITWOOD.

The indictment in this case charged that the defendant, Richard Jackson, "wantonly killed or injured a bull, the property of John Holland." On the trial, as the bill of exceptions states, Dan Springer, the first witness introduced by the State, testified that he knew the defendant, knew John Holland, and knew the bull, which belonged to said Holland. "In reply to further questions by the State's attorney, witness stated that he had seen the bull shot; that one Friday morning in November, 1890, on the premises of Alex. Johnson in said county, in the cotton patch of said witness, he saw the defendant shoot the bull with a double-barrelled shot-gun; that he was about sixty yards distant at the time, and the defendant was only a few steps from the bull; and that he saw the bull 'draw up' when shot by the

defendant. Defendant did not cross-examine the witness. The prosecuting attorney then asked the witness, if he had ever seen any other injury inflicted on the bull by the defendant at any other time. The defendant objected to this question, on the ground that the State had elected to proceed for the injury on Friday; which objection the court overruled, and the defendant excepted. The witness then testified that on the next Monday, following said Friday, he saw the defendant shoot said bull in the cotton patch of defendant's wife in said county. The court, of its own motion, then required the State to elect for which shooting it would proceed, and the State elected to prosecute for the said shooting on Monday; and the defendant then and there excepted. The court then excluded all the evidence as to the shooting on Friday. The witness further testified that the shooting took place about seven o'clock in the morning, and was done with a shot-gun; and he described the injury to the bull. The defendant then moved the court to exclude all the evidence relative to the shooting on Monday," and excepted to the overruling of his motion.

SIMPSON & JONES, for appellant.

EMMET O'NEAL and PAUL HODGES, with WM. L. MARTIN, Attorney-General, *contra*.

PER CURIAM.—The only question presented by the rulings of the lower court is, whether the State made an election to prosecute for one act, and afterwards proceeded to elicit evidence concerning another. The beneficent purpose of the rule which requires an election is, that the defendant shall not be prejudiced in the minds of the jury by the introduction of evidence of offenses for which he is not on trial. The term *elect* implies a knowledge of facts which go to make up two or more offenses. And while a solicitor may, by his own acts and questions, involuntarily effect an election; yet, to hold him to have elected to proceed for a certain offense, he must have learned enough to enable him to individualize the transaction, and then pursue his inquiry with a view of learning the details and particulars of the act or transaction thus individualized. To hold him to an election without going this far, would, in many cases, amount to a denial of justice.—*Peacher v. State*, 61 Ala. 22; *Smith v. State*, 52 Ala. 384; *Hughes v. State*, 35 Ala. 351; *Cochran v. State*, 30 Ala. 542; *Elam v. State*, 26 Ala. 48.

Under the rule laid down, we hold that the solicitor had

not elected to prosecute for the shooting which took place on Friday. There is nothing in the answers of the witness to questions asked, which call for the particulars or details of that shooting. We discover no error in the record.

Affirmed.