[Untreinor v. The State.]

# Untreinor *v.* The State.

### Selling Liquor Without License.

(Decided May 10, 1906.　41 So. Rep. 170.)

1. *Criminal Law; Evidence: Other Offenses.*—Where the evidence for the State only afforded an inference that the beer purchased by witness was the property of the defendant, and that the sale was made by her, it was competent to show other sales made by defendant to show ownership of the beer in defendant and authority from her to sell, notwithstanding such other sales constituted separate offenses.

2. *Indictment; Election as to Counts; Violating Liquor Law.*— Where the first count charges the sale of liquors without license, and the second charges sales in quantities less than a quart, without license, and the third charges a sale of liquors, which were drunk on or about the premises, without license, the prosecution had the right to introduce testimony in support of each count, and a conviction may be had on each count; and the doctrine of election by the State does not apply until there has been an election under each separate count.

5. *Statutes; Partial Invalidity; Sale of Liquor.*—The fact that the prohibition acts (Acts 1880-81, p. 169 and Acts 1884-5, p. 601) contain provisions relative to keeping liquors for sale and intoxicating bitters, which subjects are not expressed in their titles, does not affect the validity of their remaining provisions.

APPEAL from Monroe Circuit Court.

Heard before HON. JOHN T. LACKLAND.

The indictment in this case charges the defendant in the first count with selling sprituous, vinous, or malt liquors without license and contrary to law.　The second count charges that the defendant sold spirituous, vinous or malt liquors, or intoxicating bitters, in quantities less than one quart, without license and contrary to law. The third count charges the defendant with selling spirituous, vinous, or malt liquors, which were drunk on or about the premises, without a license and contrary to law.　There was a judgment of conviction, and motion was made in arrest of judgment for the reasons set out in the opinion.　Several witnesses were introduced by the state, and were permitted to testify, each to separate purchases of beer and whiskey, over the objection of the defendant.

[Untreinor v. The State.]

J. N. MILLER and BARNETT & BUGG, for appellant.—
Proof by the state of one act of illegal selling was an
election to prosecute for that sale and evidence of subse-
quent sales was inadmissible.—*Cast v. State*, 96 Ala. 60;
*Wilson v. State*, 126 Ala. 114; *Williams v. State*, 77 Ala.
52; *McPherson v. State*, 54 Ala. 221. The indictment
includes but one offense and if the state offers evidence
of more than one, the defendant may compel an election.
—*Smith v. State*, 52 Ala. 384. The local law prohibit-
ing the sale of liquor in Monroe county is unconstitu-
tional and the court erred in not granting motion in ar-
rest of judgment.—*Watson's Case*, 140 Ala. 124; *Davis'
Case*, 130 Ala. 148. This case is unlike the case of *Mc-
Intosh v. State*, 140 Ala. 137. The identity of the owner
of the whiskey or beer sold was not an issue. The court
erred in its general charge, in that it failed to base the
finding of guilt upon belief beyond a reasonable doubt.

MASSEY WILSON, Attorney General, for the State.—
There was no occasion for an election, and the court prop-
erly admitted the evidence of other sales.—*McIntosh v.
State*, 140 Ala. 137. Motion in arrest of judgment and
the action of the court thereof is not shown except by bill
of exceptions, and cannot be considered.—*Hampton v.
State*, 133 Ala. 180. On its merits, the motion was prop-
erly overruled.—*Hornsby v. State*, 94 Ala. 55; *Watson
v. State*, 140 Ala. 134; *Grant v. State*, 40 So. Rep. 80.

TYSON, J.—The testimony of the first witness exam-
ined in behalf of the state simply afforded an inference
that the beer purchased by him was the property of de-
fendant, and that the sale was made by defendant. The
first of these inferences is deducible from the fact that
it was bought in defendant's place of business. and the
second that it was bought from another in her presence.
Being mere inferences, it was competent for the state,
for the purpose of showing ownership of the beer, and
that the person making the sale was authoritatively act-
ing for defendant—thus to establish her identity as the
person who in reality made the sale of the beer—to prove
other sales by her, notwithstanding these latter sales

constitute separate and distinct offenses.—*McIntosh v. State*, 140 Ala. 137, 37 South. 223, and cases there cited. And when the indictment contains only one count, care should be observed that the probative force of such testimony be not extended beyond the limits indicated; that it be not used by the state for the purpose of convicting the defendant for these offenses, each being separate and distinct. In such case the defendant, upon such testimony being admitted, has the right to require the solicitor to state and elect for which offense he will prosecute.

But when the indictment contains a number of counts, as this one does, charging several distinct offenses, which may be joined, the prosecution has the right to introduce testimony to establish the offense alleged in each count, independent of the rule above declared, and may have a conviction upon each of the counts.—*Wooster v. State*, 55 Ala. 217; *Covy v. State*, 4 Port. 86; Bishop on Crim. Pro. 3452, and cases in note 1; *Swanson v. State*, 120 Ala. 376, 25 South. 213; *Lowe v. State*, 134 Ala. 15, 32 South. 273; *Crittenden v. State*, 134 Ala. 145, 32 South. 273. And when, as here, there are several counts, and evidence is offered tending to prove the separate and distinct offenses as alleged in each, the doctrine of election does not apply until there has been an election by the prosecution under each separate count.—*Carleton v. State*, 100 Ala. 130, 14 *South.* 472; *Elam v. State*, 26 Ala. 48; *Wooster v. State, supra.* Applying this principle to the facts as shown by the testimony, there was no error committed by the trial court in overruling the motion to exclude the evidence tending to show other sales of liquor by defendant, and of denying her motion to require the state to elect for which of the offenses it would prosecute. This also disposes of one of the criticisms to that portion of the oral charge excepted to. The other criticism, that the court omitted to instruct the jury as to the defendant's ownership of the liquors sold, is clearly without merit. To see that this is true, we need only read the whole of the extract of the charge to which the exception was reserved.

[Chaney v. The State.]

The motion in arrest of judgment is predicated upon the unconstitutionality of the local prohibition acts under which the indictment is preferred. Acts 1880-81, p. 169, Acts 1884-5, p. 601. The objection here urged is based upon the fact that the body of each of these acts, the latter being strictly amendatory of the former, contains subjects not expressed in the title, This is undoubtedly true, and the contention is sound; but the extraneous subejcts embodied in each of them may be eliminated without affecting the validity of the act as a whole. In other words, after eliminating the extraneous subjects, "keep for sale" and "intoxicating bitters" from the bodies of the acts, the remaining subjects contained in the acts, being in conformity to those expressed in their titles, the acts are valid and complete laws as to those subjects.—*Watson v. State,* 140 Ala. 134, 37 South. 225; *State v. Davis,* 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23. Neither of the counts charge the defendant with keeping for sale any of the liquors, but each charges a sale of such liquors, and only one of them, the second, charges the sale by her of "intoxicating bitters." This one, of course, was defective; but no demurrer was interposed to it. So then, we have two good counts to which the judgment of conviction must be referred. This being true, the motion in arrest of judgment was properly denied.—*Grant v. State,* (Ala.) 40 South. 80.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.