# Chaney *v.* The State

*Selling Liquors Without License.*

(Decided May 19, 1906.   41 So. Rep. 172.)

1. *Statutes; Partial Invalidity; Intoxicating Liquors.*—The fact that an act contains provisions not expressed in its title, such as that fines under it shall be paid in lawful money and half the fine to go to the informant, does not render the whole act unconstitutional; and where such provision may be elimi-

[Chaney v. The State.]

nated and leave the act a complete enactment, the court will so declare. The act (Acts 1880-81, p. 170) is, therefore, good.

2. *Same; Title of Act; Subject of Act.*—The fact that the act (Acts 1880-81, p. 170) prohibits the manufacture and sale or disposition of intoxicating liquors does not render it invalid as containing separate and independent subjects.

APPEAL from Clarke Circuit Court.

Heard before HON. JOHN C. ANDERSON.

The defendant was indicted for selling liquor without license. The first count in the indictment charged that he did unlawfully sell, or otherwise dispose of vinous, spirituous, malt or other intoxicating liquors within the limits of Clarke county. The second count charged that he did sell or otherwise dispose of, etc. Demurrers were interposed raising the question of the unconstitutionality of the local act in that it offers a reward for each conviction thereunder, to be paid to the informant, and because the provisions of the act providing that one half the fine go to the informant is contrary to public policy. These demurrers were overruled, and the defendant was found guilty.

WILSON, GRANADE & ALDRIDGE, for appellant.—No brief came to the reporter.

MASSEY WILSON, Attorney General for the State. No brief came to the reporter.

TYSON, J.—The title to the act under which the indictment is preferred is as follows: "An act to prohibit the manufacture or sale or other disposition of vinous, spirituous, malt or other intoxicating liquors, within the limits of Clarke county, in this state."—Acts 1880-81, p. 170. It is first insisted that the act is unconstitutional, because the body of it embraces a subject not expressed in the title. The provision against which this objection is urged provides "that all fines imposed under this act shall be paid only in lawful money of the United States, and one-half of the fine, in all cases, shall go to the informant." The attack seems to be aimed at the last

clause quoted. If it be conceded that the point is well taken, yet this would not invalidate the whole act. This clause may be eliminated entirely, and yet the remaining portion of the act, being a complete enactment, must stand.—*Untreinor v. State*, 146 Ala. 133, 41 South. 170.

The next insistence seems to be that the title contains two subjects, both of which are dealt with in the body of the act. This seems to proceed from the theory that the prohibition against the manufacture of the liquors mentioned and the sale or other disposition of them are two separate and independent subjects, and, therefore, cannot be incorporated in the same act. We think this is clearly untenable. The manifest purpose of the act, as shown both by its title and body, is to place the liquors named beyond the reach of the people of the county. The act may be and is subject to other constitutional objections, but not to the ones raised. They do not, however, impair its validity to the extent of invalidating it as a whole, or affect the sufficiency of the indictment upon which this conviction was had.—*Untreinor's Case, supra.*

There is no error shown by the record, and the judgment is affirmed.

DOWDELL, SIMPSON, and DENSON, JJ.,concur.