# Treadwell *v.* The State.

*Violating Prohibition Law.*

(Decided July 6, 1909.   53 South. 290.)

1. *Criminal Law; Several Offenses; Election.*—Under   a   count
charging that defendant kept intoxicants for sale, the state is not
held to proof of one act alone and hence, there is no necessity for
an election.

2. *Intoxicating Liquors; Evidence; Experts.*—One need not qualify
as an expert to testify as to whether a particular liquor is whisky.

3. *Witnesses; Examination; Cross.*—Where a defendant's witness
had stated that he sent three orders only by express for liquor for
the defendant, the state may be permitted to ask as to the sending
of orders for other persons, where the testimony is limited to a test
of the recollection of the witness.

4. *Same; Judicial Discretion.*—The latitude allowed on the cross
examination of a witness rests largely in the discretion of the trial
court.

5. *Same; Corroboration.*—Where a witness stated that a third per-
son gave him a specific sum of money and sent him to buy liquor
and that having bought it witness delivered it to such person, it was
competent for the state to show by such third person that he gave
the witness such sum and directed him to buy liquor from the de-
fendant and that witness delivered a bottle of whisky to him.

6. *Same; Re-direct Examination.*—The admission of new matter on re-direct examination not in rebuttal of anything brought out in the cross is within the discretion of the trial court.

7. *Trial; Argument of Counsel; Propriety.*—A statement by the solicitor in argument to the jury that the evidence tended to show that whisky was being sold from the depot and in the shadow of the county capitol, was not the statement of a fact not in evidence but rather an opinion or argument as to inferences to be drawn from the evidence, and was legitimate.

8. *Charge of Court; Favorable to Appellant; Right to Complain.*— Where a charge given is favorable to appellant, he is in no position to complain thereof.

9. *Same; Partly Bad; Exceptions.*—If any part of an instruction is bad, it is the duty of the appellant, in excepting, to separate the good from the bad.

10. *Appeal and Error; Harmless Error; Instructions.*—The refusal to direct an acquittal as to a count in the indictment is harmless where the jury finds the issues in favor of the defendant as to that count.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

From a conviction for violating the prohibition law, Jasper Treadwell appeals. Affirmed.

The facts sufficiently appear in the opinion of the court. The solicitor in his argument said: "The proof in this case tends to show that whisky is being dispensed from the depot and in the shadow of your county capitol." The court charged the jury orally as follows: "That this party went to the shop and delivered it as porter. He had a right to do that; but when the box was open, if he took whisky out and carried it to Mr. Canterbury, that would be an illegal delivery."

I. I. CANTERBURY, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

DOWDELL, C. J.—The indictment contains two counts. Under the second count, which charges that

SUPREME COURT

[Treadwell v. The State.]

the defendant "kept for sale spirituous, vinous or malt liquors," etc., the state was not restricted to proof of one act of selling as tending to support this charge, and hence could not be compelled to an election. Upon the cross-examination by the solicitor of the defendant's witness, Carter, who testified to sending three orders only through the express office for liquor for the defendant, as testing the recollection of the witness and to which the court expressly limited the inquiry, no reversible error was committed in permitting the solicitor to ask as to sending of orders for other persons. The latitude of a cross-examination rests largely in the sound discretion of the trial court, and we do not see that the defendant in the present instance was prejudiced in the exercise of this discretion by the court.

The state's witness, Tucker, having testified that he was sent by Mr. Grant with $1.50 to purchase from the defendant whisky for him, Grant, and that, having purchased the whisky from the defendant, he, witness, delivered it to Grant, it was permissible to prove by Grant that he gave the witness Tucker the $1.50, and told him to go and buy it from the defendant, and that Tucker took the money, and returned and delivered to him the bottle of whisky. The bottle of whisky in question, after having been identified by Grant as the bottle delivered to him by the witness Tucker, was produced in evidence, not having been before "opened," and Grant, while testifying as a witness, was requested to open the bottle, taste the liquor, and say whether it was whisky. This was objected to by the defendant on the ground that the witness was not shown to be an expert. This objection was without merit. It is hardly to be supposed in this day and generation that expert testimony is required in the taste of whisky to say whether or not a liquid is whisky. It may require a connoisseur to

tell the different brands or a superior from an inferior article, but the law takes no such distinction in prosecutions for violation of liquor laws.

The question asked the witness Carter by the defendant, upon the redirect examination, as to what became of Jim Tucker when the defendant told him that he had no whisky to sell, was new matter, and not in rebuttal of anything drawn out by the state on cross-examination, and its allowance was within the discretion of the trial court.

The statement by the solicitor in his argument to the jury as to "the tendency of the proof in the case" was not the statement by him of a fact not in evidence, but rather an opinion or argument as to an inference to be drawn from the evidence, and therefore within the scope of legitimate argument.

A part of the oral charge of the court set out in the bill of exceptions as having been excepted to by the defendant correctly stated the law, and favorably to the defendant. This renders the exception unavailing. If any part was bad, which we do not decide, it was the duty of the defendant in excepting to separate the bad portion from the good.

The refusal of the court to give the general charge requested as to the first count of the indictment, if error, resulted in no injury to the defendant, since the jury by their verdict acquitted the defendant as to the first count.

There was evidence which tended to support the second count, and the general charge requested as to this count was therefore properly refused.

Finding no reversible error in the record, the judgment must be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.