# Moss *v*. The State.

*Violating Prohibition Law.*

(Decided Feb. 6, 1912.   Rehearing denied April 4, 1912.
58 South. 62.)

1. *Jury; Right of Trial by; Statutory Provision.*—Under Acts 1909,
p. 63, sections 32 and 38. a defendant is given the right to demand
a jury trial under the act itself and not under the provisions ap-
plicable to other classes of cases in the court in which the prosecu-
tion was pending, and where a defendant does not demand a jury
trial within five days as provided by said act, he waives his right
thereto.

2. *Appeal and Error; Harmless Error; Overruling Motion.*—
Where a defendant pleads former jeopardy in a prosecution for vio-
lating the prohibition law, and offers evidence in support of his plea,
the overruling by the court of the motion to strike a replication
filed thereto, is not prejudicial, since the replication is treated as a

[Morse v. The State.]

joinder of issue thereon, and the defendant has the benefit of his evidence.

3. *Intoxicating Liquors; Sale or Keeping for Sale; Evidence.*— Where the affidavit is in the form authorized by section 29½, Acts 1909, p. 63, and charges that the defendant sold, offered for sale, kept for sale or otherwise disposed of prohibited liquors, contrary to law, it is permissible for. the state to prove more than one sale of liquor by the defendant.

4. *Criminal Law; Election; Evidence.*—Where the defendant is prosecuted upon the single charge or count in the form authorized by section 29½, Acts 1909, p. 63, and the state introduces evidence tending to show his guilt of several separate and distinct offenses embraced in the charge, the defendant, before opening his defense, was entitled to require the state to elect for which offense it would prosecute, as there could be conviction for only one offense.

5. *Same.*—Section 30, Acts 1909, p. 63, does not authorize a conviction of more than one offense under a single charge made in the alternative.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

Henry Morse was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

G. W. REEVES, and A. WHALEY, for appellant. The affidavit contains a single count in the alternative, and there could be but one conviction for a single separate offense, and the defendant was therefore entitled before opening the defense to have the state elect as to which of the several acts proven it would ask a conviction of.—Sec. 30, Acts 1909, p. 63; *Untreinor v. State*, 146 Ala. 133; *Smith v. State*, 52 Ala. 384; 11 Enc. P & P. 576. Counsel discuss other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It was harmless error to strike the replication.—*Bradford. v. State*, 147 Ala. 120; *Dodd v. The State*, 92 Ala. 61. The defendant did not comply with the requirements of the statute, and hence, waived jury trial. The court did not err in permitting proof of more than one offense,

[Morse v. The State.]

nor in not requiring the state to elect.—*McIntosh v. State,* 140 Ala. 137; *Allen v. State,* 1 Ala. App. 206.

WALKER, P. J.—The act approved August 25, 1909, entitled "An act to further suppress the evils of intemperance," etc. (Acts Special Session 1909, p. 63), contains a number of provisions which are made generally applicable to prosecutions for violations of the state's prohibitive liquor laws, and that act (section 38) expressly repeals all laws and parts of laws, general, local, and special, in conflict with its provisions. One of the provisions of that act (section 32) is a specification of the time and manner of the defendant's making a demand for a trial by jury when he is prosecuted in a court in which jury trials are provided for. As to prosecutions for violation of liquor laws, that provision must be regarded as superseding a different and inconsistent method for a defendant's demanding a trial by jury which is applicable generally in the court in which the prosecution is pending. As to such prosecutions, a defendant's right to demand a trial by jury is governed by the provision on the subject of the general law above referred to, and not by a provision on that subject applicable in other classes of cases in the court in which the prosecution is pending, such as the provision in that regard which is contained in section 5 of the act creating the city court of Andalusia. Local Acts 1907, p. 329. The defendant not having demanded a trial by jury within the time allowed for that purpose by the general law which was applicable, the court was not in error in adjudging that he had waived the right to a trial by jury.

It sufficiently appears from the recitals of the bill of exceptions that the defendant had the benefit in the trial of offering evidence in support of his plea of for-

mer jeopardy, based upon an alleged previous prosecution before the recorder of Florala, and that the replication filed to that plea was treated as a joinder of issue upon it. Such being the fact, the defendant could not have been prejudiced by the action of the court in overruling his motion to strike the replication. The evidence offered in support of that plea was not such as to require a finding that its averments were proved.

Under the affidavit in this case, it was permissible for the prosecution to offer evidence of more than one sale of liquor by the defendant.—*Howle v. State,* 1 Ala. App. 228, 56 South. 37. The affidavit, charging that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquor, contrary to law," etc., was in the form authorized by the statute. Acts Special Session 1909, p. 63, § 29½. It contained but a single count or charge, though the charge made was in the alternative. Under such a charge, there cannot be a conviction of more than one offense. In such case the defendant, after the introduction by the prosecution of evidence tending to show his guilt of several separate and distinct offenses embraced in the charge, has the right, before going into his defense on the evidence, to require the solicitor to state and elect for which offense he will prosecute.—*Untreinor v. State,* 146 Ala. 133, 41 South. 170; Woollen & Thornton on Intoxicating Liquors, § 950.

The provision of the statute (Acts Special Session 1909, p. 63, § 30) that "indictments, informations, complaints or affidavits for any violation of this statute, or any provision thereof, or any other statute of the state for the suppression of the evils of intemperance, may set out several charges in separate counts, and the accused may be convicted and punished upon each one as upon separate informations, indictments, complaints,

or affidavits, and judgment shall be rendered on each count under which there is a finding of guilty," does not authorize a conviction of more than one offense, under a single charge made in the alternative, such as that contained in the affidavit in the present case; nor is there anything in that statute to deprive a defendant in such a case of the right to require the prosecution to elect on which of the several acts of which it has offered evidence it will rely for a conviction. In the present case, the state having offered evidence as to several sales of whiskey made by the defendant at different times, he was entitled, on motion, to require the state to make an election; and the court was in error in overruling his motion to this effect.

Reversed and remanded.