# Warrick *v.* The State.

### *Violating Prohibition Law.*

(Decided April 8, 1913. 62 South. 342.)

1. *Intoxicating Liquors; Evidence; Internal Revenue License.*—A copy of the stub of an internal revenue license and tax stamp authorizing a defendant to engage in the retail liquor business, accompanied by a certificate authenticating it, is admissible in a prosecution for violating the prohibition laws.

2. *Same; Beverage; Evidence.*—Where it was shown that defendant had procured a government license covering the place and period of time involved, and there was evidence tending to show that during such time his place of business emitted the odor of a bar room, it was competent to show that the beverages sold by defendant were of the color of whisky or beer.

3. *Criminal Law; Election; Different Acts.*—Where the indictment charged in a single count in the alternative several offenses, defendant could be convicted of only one, and where the evidence tended to prove several of the offenses charged, defendant was entitled to require the state to elect the offense on which it would rely for a conviction before putting in his defense.

4. *Same.*—Where the state elected to ask for a conviction for maintaining an unlawful drinking place during October, 1911, and prior to the 27th day thereof, as charged in the second count, defendant was not entitled to require a further election of the particular day during that month on which the alleged offense was committed, since the offense was of a character that might consist of and be evidenced by a series of acts, or a continuous course of conduct extending over a period of more than a single day.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

George Warrick was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

[Warrick v. The State.]

TIDWELL & SAMPLE, for appellant. It is error to permit the state to show that defendant sold a beverage of the color of beer or whisky.—*Wright v. State,* 58 South. 803. On the same authority, the court was in error in permitting like questions. Notwithstanding the decisions in *Woodward's Case,* 59 South. 688 and *Strange's Case,* 59 South. 691, it is insisted that the court was in error in admitting the stub, or its authenticated copy, showing the purchase by the defendant of the internal revenue license.—10 Enc. of 901; 17 Cyc. 337; 8 396; 4 Wig. 2250; *Peebles v. Tomlinson,* 33 Ala. 337; Sec. 324 Fed. St. Ann. 103 U. S. 109. The defendant was entitled to have an election by the state as to which offense it was prosecuting for.—*Moss v. State,* 58 South. 61; *Howell v. State,* 1 Ala. App. 228, and cases there cited. Defendant was further entitled to have the day fixed, for which he was prosecuted.—Authorities supra.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. A copy of the internal tax stub and its authenticating certificate was properly admitted.—*Woodwards Case,* 59 South. 688; Sec. 3883, Code 1907; Sec. 22½, Acts 1909, p. 84. Any error in the admission of evidence was without injury as the possession of the liquor dealer's license was prima facie sufficient to warrant a conviction.—*Miller v. State,* 168 Ala. 100; Sec. 6264, Code 1907.

WALKER, P. J.—In justification of the action of the court in admitting in evidence the copy of the stub of an internal revenue license and tax stamp authorizing the defendant to engage in the business of a retail liquor dealer, and the accompanying certificate authenticating it, no more is deemed necessary than to refer to what was said in the opinions rendered in the cases of *Wood-*

*ward v. State,* 5 Ala. App. 202, 59 South. 688, and *Strange v. State,* 5 Ala. App. 164, 59 South. 691. We are not moved to depart from those rulings by what has been said in the argument of the counsel for the appellant in criticism of the correctness of the conclusions there announced.

In connection with the evidence afforded by the fact of defendant's paying for such a license for the place and period of time involved in the charge made against him (Acts of Ala. Special Session 1909, pp. 63, 84, § 22½), and with the further evidence tending to prove that his place of business within such time had the odor of a barroom, it was permissible to prove that beverages sold by him had the color of whisky or of beer.— *Strange v. State,* 5 Ala. App. 164, 59 South. 691.

The evidence introduced by the state had a tendency to prove the defendant's guilt of some of the offenses charged in the alternative in the first count of the indictment. Under that count he could be convicted of only one of those offenses. It was his right, before going into his defense on the evidence, to require an election by the state of the offense for which a conviction under that count would be sought, and the court was in error in overruling his motion made to this end.—*Moss v. State,* 3 Ala. App. 189, 58 South. 62.

After the solicitor had stated that the state would ask a conviction of the defendant under the second count of the indictment for maintaining an unlawful drinking place during the month of October, 1911, prior to October 27th, the defendant moved the court to require the solicitor to state and elect for what day during that month the state would prosecute the defendant, and ask a conviction of him under the second count of the indictment. That motion was properly overruled, as the offense charged in that count is one that may

consist of, and be evidenced by a series of acts or a continuous course of conduct extending over a period of more than a single day.—*Treadwell v. State,* 168 Ala. 96, 53 South. 290; *Carl v. State,* 125 Ala. 89, 104, 28 South. 505; *Hamilton v. State,* 153 Ala. 63, 44 South. 968.

Reversed and remanded.