## Slaten *v.* The State.

### *Violating Prohibition Law.*

(Decided April 16, 1914. 65 South. 85.)

1. *Criminal Law; Election of Offenses; Evidence.*—Where a witness answered in reply to a question that he had sent his son to defendant's father's house, and that the boy had gotten whisky, it was not an election by the state to rely upon the sale to the boy for a conviction, and the solicitor could by repetition of his question elicit testimony that the witness in person bought whisky from defendant.

2. *Intoxicating Liquors; Offense; Offering For Sale.*—Evidence of a single sale of whisky is sufficient to sustain a charge of offering

for sale, as an offer for sale is necessarily included in a completed sale; it being none the, less an offer because made in response to an indicated desire by another to buy.

3. *Same; Evidence.*—Where the evidence tended to show that on one occasion defendant sold whisky to the prosecuting witness, the jury could infer therefrom that he had or kept whisky for sale in his possession, and hence, defendant was not entitled to a charge asserting that under the evidence the jury could not convict him of keeping for sale.

4. *Same; Charges; Effect.*—Where defendant charged the selling, offering for sale or keeping for sale, the prohibited liquors, and there was evidence of only one sale by defendant, the refusal to charge that under the evidence the jury could not convict defendant of offering whisky for sale, had no tendency to mislead the jury to believe that they might convict of some other offense notwithstanding they did not believe that the single transaction occurred, specially where the court also charged that unless they found that defendant sold whisky, they should find him not guilty.

APPEAL from Lawrence Circuit Court.

Heard before Hon. J. C. KUMPE, Special Judge.

Street Slaten was convicted of violating the prohibition law, and he appeals. Affirmed.

The facts are sufficiently indicated in the opinion. The following is charge C: "Under the evidence in this case you cannot find defendant guilty of keeping for sale spirituous, vinous, or malt liquors, contrary to law, as charged in the indictment."

TIDWELL & SAMPLE, for appellant. Having brought out the fact that he sent his son to defendant's father's house and got some whisky, it was error to permit the witness to state that at another time he bought a pint of whisky from defendant.—*Wilson v. State*, 33 South. 831, and cases cited. Evidence should be considered in the light of 'all the other evidence in the case, and the court erred in discharging that in weighing the evidence of the defendant, the jury might look to the fact that he is the defendant and interested in the result of the verdict.—*Smith v. State*, 24 South. 55; *Wright v. State*, 42 South. 745; *McKee v. State*, 2 South. 451. The

indictment charged but one offense, and defendant could not be convicted of more than one offense, and the state should have been required to elect. The court was therefore in error in refusing charges B. and C.—*Moss v. State,* 58 South. 62; *Warrick v. State,* 62 South. 344. Each alternative must present an indictable offense.— *Horton v. State,* 53 Ala. 488; *McClellan v. State,* 23 South. 732; *Graves v. State,* 63 Ala. 134. The fact that he did sell liquor to the witness Thrasher did not authorize the jury at the time that defendant offered these liquors for sale.—*State v. Dunbar,* 57 Am. Rep. 33; *U. S. v. Dodge,* Deady 188; *State v. Harvey,* 58 N. H. 377; *Oldacre v. State,* 59 South. 759.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—One Thrasher was the only witness examined for the prosecution. To a question asking if he had ever bought any whisky from the defendant, he replied that he had sent his boy to the defendant's father's house to get some whisky, and that he got a half pint of whisky and brought it to him. Following this unresponsive answer to the question, the solicitor again asked the witness if he had bought any whisky from the defendant. This question was objected to on the ground that "the state had already made an election as to which offense it would prosecute the defendant, that is, for a sale or delivery of whisky to the witness' son." There was no merit in the objection, and it was properly overruled. The solicitor had done nothing to indicate a desire or willingness to bring out anything except testimony as to the purchase of whisky by the witness from the defendant. The failure of the witness to answer the question when it was first asked

was not entitled to be given the effect. of an election by the state to base the prosecution on a transaction evidence of which had not been called for, and with which the defendant was not shown to have had any connection. The effect of permitting the question objected to to be answered was simply to allow the solicitor to elicit the testimony which his original question had called for. In answering that question, the witness did no more than answer the one which was asked before.

The witness testified to a purchase by him from the defendant of a pint of whisky, and that this occurred in Lawrence county within 12 months before the finding of the indictment. The indictment charged that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law," etc. No motion was made to require the prosecution to elect for which of the offenses charged in the alternative in the single count of the indictment a conviction would be sought. No election having been required or made, the prosecution was to be regarded as seeking a conviction of any offense embraced in the indictment of the commission of which there was evidence submitted for the consideration of the jury. The court refused to give the following written charge, requested by the defendant: "Under the evidence in this case you cannot find the defendant guilty of offering for sale spirituous, vinous or malt liquors, contrary to law, as charged in the indictment." As the offense mentioned was embraced in the indictment, the charge was properly refused, unless there was an absence of evidence tending to prove the commission of that offense by the defendant. Only a single sale of whisky by the defendant was testified to; but it does not necessarily follow from this that the

evidence could not tend to prove the commission of more than one offense. Often more than one offense is committed by a single act.—2 Woolen & Thornton on Intoxicating Liquors, § 966, p. 1720. The charge in the indictment that the defendant offered to sell prohibited liquor did not, we think, necessarily import anything more than that he made an overt manifestation, by either words or acts, of a desire or willingness to sell such liquor, whether or not such manifestation was invited or solicited by the person dealt with. In other words, what is said or done may none the less amount to an offer to sell, though it is in response to another's indication of a desire to buy.—*State v. Dunbar,* 13 Or. 591, 11 Pac. 298, 57 Am. Rep. 33. A sale must be the result of one party's buying what another offers or tenders for sale. It follows that proof of the sale of a thing is evidence of the seller's offering it for sale. Evidence of the consummated transaction tends to prove that which must have gone before. The conclusion is that there was not an absence of evidence tending to prove the defendant's guilt of the offense mentioned in the above-quoted charge, and that the court was not in error in refusing to give that charge.

The refusal of the court to give that charge cannot be interpreted as a ruling by it that the defendant could be convicted of anything if the jury did not believe that the single transaction testified to by the witness for the state occurred, as the court, in a written charge given at the request of the defendant, instructed the jury as follows: "Unless you find from the evidence beyond a reasonable doubt, and to a moral certainty that the defendant sold spirituous, vinous or malt liquors, contrary to law, as charged in the indictment, you should find the defendant not guilty." In the light of the fact that this instruction was given at the re-

quest of the defendant, his request of the refused charge in question amounted to his asking the court to rule that, though the jury should find from the evidence beyond a reasonable doubt that there was a sale as testified to by the state's witness, yet there was an absence of any evidence tending to prove that the defendant offered for sale spirituous, vinous, or malt liquors, contrary to law. It was not error for the court to refuse to make such a ruling, as the testimony of the witness for the state tended to prove an offer to sell, as well as a consummated sale. In striking at the traffic in prohibited liquors, the Legislature made separate offenses of different stages in the conduct of one who manifests a purpose to engage in such traffic. An offense is completed by his keeping such liquor for sale, or by his offering to sell it. And the offense is not obliterated by the conduct which constitutes it also including the consummation of a sale. He is subject to conviction of either one of the offenses which was committed by what he did, though that is disclosed by the evidence as a single transaction. This is not saying that he can be convicted of more than one offense under a single charge made in the alternative.

From the testimony of the witness for the state, the jury might well have inferred that he got from the defendant a pint of whisky on the occasion of the purchase testified to. It was also a permissible inference from the fact that the defendant sold and delivered whiskey when he was afforded the opportunity to do so that he kept or had it in possession for sale. If one has in possession prohibited liquor for the purpose of sale, he is keeping it for sale within the meaning of the statute (Acts of Ala. 1909, p. 9, § 3), and of one of the alternative charges contained in the indictment in this case.—*Priest v. State,* 5 Ala. App. 171, 59 South. 318.

[Lee v. The State.]

It follows that the court was not in error in refusing to give written charge C, requested by the defendant.

The record does not show that the court had presented to it or decided the question as to whether or not it was permissible for the jury, on the evidence submitted to them, to convict the defendant of more than one of the offenses charged in the alternative in the single count of the indictment. It made no ruling in conflict with the one made by us in the case of *Moss v. State,* 3 Ala. App. 189, 58 South. 62, to the effect that a conviction of more than one offense under such a charge is not authorized.

The rulings above considered are the only ones of which complaint has been made in the argument of the counsel for the appellant. There is no error in the record.

Affirmed.