# Barefield *v.* The State.

### Violating Prohibition Law.

(Decided June 15, 1916.   72 South. 293.)

1. **Crimial Law; Election; Review.**—The failure of the trial court to require an election under an indictment for violating the prohibition law cannot be reviewed where the point was not raised below either by motion or objection.

2. **Same.**—The right to compel an election may be waived, but where an indictment charges a single offense, and the state particularizes a specific situation in developing its case, it must stand upon that, and cannot later rely upon another state of facts for conviction.

3. **Same; Necessity.**—Only one conviction may be had under a count, notwithstanding where the offenses are of the same character, and subject to the same punishment, the defendant may be charged with either in the same count in the alternative, as provided by § 7151, Code 1907.

4. **Same.**—Under Acts 1909, p. 90, § 29½ and § 30, only one conviction may be had under a similar count.

5. **Same.**—Where a count charges only a keeping for sale of prohibited liquors, there is no occasion for an election, and it is proper to prove various sales to substantiate the offense charged.

6. **Indictment and Information; Election; Effect.**—Where an indictment charges both a sale and a keeping for sale, an election by the state to stand upon one charge would be tantamount to an acquittal as to the other.

[Barefield v. The State.]

7. **Intoxicating Liquors; Election; Time.**—Where the indictment charges in the alternative the sale, keeping for sale, or other disposition of intoxicating liquors, the state may be required to elect at the close of its testimony on which charge it will stand for a conviction.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Luther Barefield was convicted of a liquor violation, and appeals. Affirmed.

The indictment in this case was returned at the September term, 1914, of the circuit court of Henry county, and is in the form prescribed by the statute, charging: "That the defendant sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law."

On the trial the state offered one Chancey, who testified that witness and Lonnie Riley bought one pint of whisky from the defendant at "Bonzie Snell's house," when Ab Infinger and John Brannon were present, and paid him 75 cents therefor. Riley was offered by the state and testified to the fact of the same sale. On cross-examination of these witnesses, the defendant brought out the fact that these witnesses were not before the grand jury at the September term of the court, 1914, when the indictment was found. The state then offered John Brannon, who testified to the fact of the sale by the defendant to Chancey and Riley, and on cross-examination of this witness it was shown that he was before the grand jury that returned the indictment, but was not asked about and did not mention the sale to Chancey and Riley, but told the grand jury about another transaction when he (Brannon) bought some whisky from defendant. On redirect examination of this witness, the court allowed the state, over the defendant's objection that the state, by offering proof of a sale to Chancey and Riley, had elected to prosecute for that act and that evidence of a different transaction was not admissible, to prove that on the same occasion and before Chancey and Riley drove up to the place defendant sold witness a quart of whiskey and witness paid him $1 for it; that this is the transaction that witness detailed to the grand jury. The only other witness examined was Arizona Brannon, who testified that he was not before the grand jury; that the quart of liquor was sold to his father, and he drank part of it; that he did not relate the fact of the sale to Chancey and Riley.

[Barefield v. The State.]

The affirmative charge was requested by the defendant and refused by the court. The jury returned a verdict finding the defendant guilty of keeping liquors for sale contrary to law.

The appellant renews his contentions here: (1) That the state, by proving a completed transaction and sale to Chancey and Riley, elected to prosecute for that offense, and therefore the court committed reversible error in allowing the state, over his objection, to offer proof of the sale to Brannon; (2) that thus having elected, and the undisputed evidence showing that no evidence was offered before the grand jury of the first sale proven on this trial, the defendant cannot be convicted for that offense, and therefore he was entitled to the affirmative charge.

H. L. MARTIN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—On trial under an indictment which charges in the alternative several offenses in the same count, the state will not be held to have elected by the mere introduction of evidence which sustains one or more of the several charges.—*Carleton v. State*, 100 Ala. 131, 14 South. 472; *Untreinor v. State*, 146 Ala. 133, 41 South. 170. The indictment not only charges an unlawful sale, but charges in the alternative that the defendant sold, kept for sale, or otherwise disposed of prohibited liquors, and covers any manner of disposition by which such prohibited liquors and beverages may pass unlawfully from one person to another.— *Bush v. State*, 12 Ala. App. 260, 67 South. 847; *Arrington v. State*, 14 Ala. App. 359, 69 South. 385, affirmed by Supreme Court, 195 Ala. 694, 70 South. 1012. In such cases, it is permissible for the prosecution to offer evidence of several distinct sales by the defendant as tending to support the charge of keeping for sale, which is in its nature a continuing act.—*Howle v. State*, 1 Ala. App. 228, 56 South. 37; *Untreinor v. State, supra;* *Spigenor v. State*, 11 Ala. App. 296, 66 South. 886; *Snider v. State*, 59 Ala. 64.

If an election could be required at all, a motion to that end was necessary and was not appropriate until all the evidence for the state had been offered.—*Moss v. State*, 3 Ala. App. 189, 58 South. 62; *Carleton v. State, supra*. The reasoning in *Carleton v. State, supra*, is here appropriate: "The very purpose of

[Barefield v. The State.]

framing the indictment with two or more counts was to prevent the application of the doctrine of election. When there is but one count charging a single offense, the law presumes the defendant comes to trial prepared to meet the single charge, and the prosecution will not be. permitted, after once having elected, to introduce evidence of another and different offense; but where the indictment charges that the offense was committed by different means, or with different intents, in the alternative, or where the offenses are of that character which may be joined in the same indictment, in different counts, the defendant is fully informed of the cause of the prosecution, and the doctrine of election does not apply until there has been an election by the prosecution under each alternative charge, or separate count."

To hold that an election is effected by the state offering evidence which particularizes and individualizes a single transaction as constituting an offense within the indictment, as was uniformly held before the enactment of the statute prescribing the form and scope of indictments in such cases, and allowing more than one offense to be charged in the alternative in the same count (*Elam v. State*, 26 Ala. 48; *Cochran v. State*, 30 Ala. 542; *Hughes v. State*, 35 Ala. 361; *Ingram v. State*, 39 Ala. 251, 84 Am. Dec. 782; *Seibert v. State*, 40 Ala. 63; *Peacher v. State*, 61 Ala. 23; *McCullough v. State*, 63 Ala. 79; *Williams v. State*, 77 Ala. 55; *O'Brien v. State*, 91 Ala. 28, 8 South. 560; *Jackson v. State*, 95 Ala. 17, 10 South. 657; *Untreinor v. State*, 146 Ala. 133, 41 South. 170), would be to emasculate the statute under which the indictment was drawn and destroy its wholesome purpose— to strike down mere technicalites availed of by offenders against the laws of the state designed to suppress the evils of intemperance as vehicles of escape from punishment, including the technical doctrine of election as evidenced by its title and entire context, and especially by the following provision of section 29½ prescribing the form and scope of the indictment: "And in an indictment, complaint, or affidavit, for selling, offering for sale, keeping for sale, or otherwise disposing of prohibited liquors and beverages, it is sufficient to charge that the defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors and beverages, and on the trial under such charge in either form any act of selling in violation of law embraced in the charge may be proved, and the charge in each of said forms shall be held to include any device or substitute for any of said

liquors. In any indictment, complaint, information, or affidavit charging that prohibited liquors and beverages have been manufactured, sold, offered for sale, kept for sale, or otherwise disposed of, it shall not be necessary to set out the kind or quantity of the prohibited liquors and beverages, nor the person to whom such sale, offer to sell, or other disposition was made, and in any prosecution for a second or subsequent offense it shall not be requisite to set forth in the indictment, information, complaint, or affidavit the record of a former conviction, but it shall be sufficient to briefly allege such conviction."—Acts Spec. Sess. 1909, p. 90, § 29½.

And the following provision: "And the term 'otherwise disposed of' following the words, "sell, offer for sale, or keep for sale,' and the term 'otherwise disposed of' following the words 'sold, offered for sale, kept for sale,' when employed in any warrant, process, affidavit, indictment, information, or complaint, * * * shall include and be deemed to include barter, exchange, giving away, furnishing, or any manner of disposition by which liquors and beverages may pass unlawfully from one person to another; and the term person or the term party when employed alone in this act shall include a firm, corporation, or association of persons."—Acts Spec. Sess. 1909, p. 91, § 31.

See *Bush v. State, supra; Arrington v. State, supra; Allison v. State,* 1 Ala. App. 206, 55 South. 453; *Spigener v. State, supra; Fletcher v. State,* 12 Ala. App. 216, 67 South. 631.

The indictment not only charges a sale in violation of law, but it charges a keeping for sale, which not only involves the fact of keeping, but the intent. In passing on an analogous proposition, the Supreme Court, in *Snider v. State, supra,* said: "The particular offense we are considering is 'keeping open store' on the Sabbath. A sale, or sales, made on that day, are but evidence to consummate the offense. They are ingredients, but not the statutory misdemeanor the Legislature intended to repress. We do not think the doctrine of election applies to these mere evidences of the intent of one charged with keeping open store on the Sabbath."—*Snider v. State,* 59 Ala. 64.

If the contention of appellant that the defendant cannot be convicted for the sale to Chancey and Riley because the undisputed evidence shows that it is not an offense covered by the indictment on the authority of *Lee v. State,* 147 Ala. 135, 41 South. 677, is correct, this answers his contention that an elec-

tion was effected by proof of this particular sale. If, in fact, this sale was not an offense covered by the indictment, the state, by making proof of such sale, did not elect and could not be compelled to elect for that offense. To hold otherwise would drive the state to elect to prosecute for an offense in respect to which, after all the evidence was offered, no matter what it might show, the defendant would be entitled to the affirmative charge (*Lee v. State, supra*), and thus effect a complete failure of justice.

The prosecution was not limited to the testimony adduced before the grand jury, but may offer any other evidence pertinent to the offense for which the defendant is on trial, and Brannon's testimony before the grand jury was evidence of the keeping for sale, as well as a specific sale.—*Snider v. State, supra.* And when it appears that some evidence was offered before the grand jury to authorize an indictment, the court will not inquire into its sufficiency.—*Agee v. State,* 117 Ala. 171, 23 South. 486; *Holland v. State,* 11 Ala. App. 134, 66 South. 126. The defendant's objection to the testimony of the witness John Brannon on redirect examination, for the reasons above stated, was properly overruled.

The testimony offered tended to support the indictment, and the affirmative charge was properly refused.

The insistence that the affirmative charge should have been given because the venue was not proven cannot be sustained, in the absence of a showing in the record that this omission in the evidence was called to the attention of the trial court as required by rule 35 (175 Ala. xxi).

We find no error in the record, and the judgment is affirmed. Affirmed.

EVANS, J.— (1, 2) In the opinion of PELHAM, P. J., and the writer, the conclusion reached in this case by Judge BROWN— affirmance—is correct; but we are unable to agree with him that election has no field of operation where there are several separate and distinct offenses charged in the alternative in one count. Before discussing the right of election vel non in such case, we might remark, in passing, that, since there was no ruling of the trial court invoked to compel an election either upon motion or objection to evidence, there is no occasion or room for any holding on that subject, and Judge BROWN'S decision on that

question would seem academic and mere dictum. In any event the right to compel an election may be waived by the failure to assert it.

(3) The authorities are agreed that where a count charges but a single offense, and the state, in developing its case, individualizes or particularizes a specific offense, that offense is presumed to be the one aimed at by the indictment and the one had in contemplation by the grand jury, and the state will not be permitted, under the principle of election, to set out to prove one crime and wind up by proving another and ask a conviction therefor; such would be not only abhorrent to one's sense of justice, but would be convicting on immaterial matter besides the issue.

While this will be admitted to be true where but a single offense is charged, it, is denied by Judge BROWN where several offenses are charged in the same count in the alternative. This court has decided the question raised by Judge BROWN both ways; *Allison v. State,* 1 Ala. App. 206, 55 South. 453, conforming to the views of Judge BROWN, and *Moss v. State,* 3 Ala. App. 189, 58 South. 62, contra.

(4) Both views, however, agree that there can be but one conviction under one count, irrespective of the number of offenses charged therein in the alternative. The purpose, then, subserved by the statute in allowing the joinder in one count of separate offenses in the alternative, would seem to be limited to a rule of convenience in pleading, for certain it is that such permitted joinder of offenses, under the authorities, cannot perform the function nor have the probative force of two separate counts; for with two counts there can be two convictions. We are of opinion that the rule stated by Judge WALKER in the *Moss Case, supra,* is the correct one.

An indictment at common law charging that A. did one thing or another was vicious for duplicity and uncertainty, but our Code, in the chapter on indictments, section 7151, provides: "When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either [not both] in the same count in the alternative."

(5) So, only one conviction may be had under one count on the theory and idea that there is in truth and in fact but one crime charged; the question then arises, which one? This is the

function and office served by election, thus apprising defendant with certainty of the particular crime he is called upon to defend where the pleading leaves it uncertain.   In line with the Code section supra, the prohibition statute, section 29½ of an act entitled an act to further suppress the evils of intemperance (Acts 1908, p. 90), permits the joinder of offenses as in the indictment in this case and "any act of selling in violation of law embraced in the charge may be proved."   While any act, it is true, may be proved, a conviction may be had for but one of the misdemeanors under the one count.—*Allison v. State, supra; Moss v. State, supra.*

But section 29½ should be read in connection with section 30 of the same act and the act construed as a whole.   Section 30 reads:   "Indictments, informations, complaints or affidavits for any violation of this statute, or any provision thereof, or of any other statute of the state for the suppression of the evils of intemperance, may set out several charges in separate counts, and the accused may be convicted and punished upon each one as upon separate informations, indictments, complaints or affidavits."

If an election cannot be compelled, the accused would, of necessity, be forced into defenses of four separate misdemeanors at one and the same time, notwithstanding there can be a conviction for but one.

(6, 7)  Where the sole charge is "keeping for sale," all the proven sales being constituent parts of one whole, there would be no room for election (*Treadwell v. State,* 168 Ala. 96, 53 South. 290; *Warrick v. State,* 8 Ala. App. 391, 62 South. 342) but an election to stand on this charge, when impleaded with others in the same count, would operate as an acquittal as to the others, and vice versa.

Of course, where the character of the crime charged is continuous in its nature, e. g., "keeping for sale," a series of successive or disconnected acts all constitute but the one continuing offense; not so, however, where the crime is perfected by the commission of a single act, such as "selling," or "offering for sale."   When necessary to prove the quo animo of a single act, true it is that a second or series of offenses may be proved as shedding light upon or characterizing the single act constituting the crime, else it were impossible frequently to prove scienter, intent, or motive in a crime.   So that we may have a complex con-

dition arising from the state's testimony proving, or tending to prove, all at the same time and in the same count, the selling, the offering for sale, and the keeping for sale, which are separate offenses.

After the state has developed all of its evidence in its most favorable light, it can work no hardship for it to say which charge it urges or elects to stand on, and by this means an intelligent presentation of defendant's defense may then be developed. Not to recognize the doctrine of election would merely serve to confuse and becloud the issue, permitting the jury to take its pick of any one of several misdemeanors. The doctrine of election is a beneficent rule which accords with the humanity and spirit of our law; and, per contra, a failure to exercise it by the dragnet process indicated would profane the sacred offices of the law and not infrequently convert it into an engine of oppression.

In the *Carlton Case*, 100 Ala. 130, 14 South. 472, cited in the opinion of Judge BROWN, there were two counts in the indictment, and Judge Coleman, speaking for the court, said: "The very purpose for framing the indictment with two or more counts was to prevent the application of the doctrine of election."

Again, in the *Untreinor Case*, 146 Ala. 133, 41 South, 170, also cited by Judge BROWN, there were two counts, and the court said: "When the indictment contains only one count, care should be observed that the probative force of such testimony be not extended beyond the limits indicated; that it be not used by the state for the purpose of convicting the defendant for these offenses, each being separate and distinct. In such case, the defendant, upon such testimony being admitted, has the right to require the solicitor to state and elect for which offense he will prosecute."

In an early case, *Cochran v. State*, 30 Ala. 542, the court had before it a count containing an alternative averment authorized under the Code. The court said: "Such an indictment, however, does not include more than one offense; and conceding that the state may elect under it, for which particular offense it will proceed, yet it cannot under it elect to proceed for two distinct offenses.—*Elam v. State*, 26 Ala. 48."

In the case of *Warrick v. State*, 8 Ala. App. 391, 62 South. 342, where the court had under consideration an alternative

[Thornhill v. The State.]

charge under the prohibition statutes, the court said: "The evidence introduced by the state had a tendency to prove the defendant's guilt on some of the offenses charged in the alternative in the first count of the indictment. Under that count he could be convicted of only one of those offenses. It was his right, before going into his defense on the evidence, to require an election by the state of the offense for which a conviction under that count would be sought, and the court was in error in overruling his motion made to this end."

In the case of *Moore v. State,* 10 Ala. App. 179, 64 South. 520, a case under the prohibition statute, where there were two counts, each charging the selling of prohibited liquors, the court held that by the proving of two separate sales, thus individualizing or particularizing the offenses, the state ipso facto had elected and was bound thereby.

As hereinbefore stated, PELHAM, P. J., and the writer agree with Judge BROWN that this case calls for an affirmance, but are unable to agree that an election cannot be compelled under alternative averments charging separate offenses in one count. The views herein expressed as to an election are concurred in by PELHAM, P. J.