(75 South. 624)

HOWZE v. STATE. (1 Div. 244.)

(Court of Appeals of Alabama. May 8, 1917.)

INTOXICATING LIQUORS ☞223(1) — ILLEGAL SALE—PLEADING AND PROOF—VARIANCE.

In prosecution for violation of prohibition law, where the affidavit charged that defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors," and the state had proved sale was made, it was not error to permit evidence of defendant's possession of whisky at a different time and place, the sale and possession being charged in the alternative, though the state could be compelled to elect upon which charge it would rely.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 263–267.]

Appeal from Clarke County Court; A. S. Johnson, Judge.

Lem Howze was convicted of violating the prohibition law, and he appeals. Affirmed.

W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the state.

BRICKEN, J. The affidavit upon which the defendant was tried and convicted for violation of the prohibition law contained one count, charging in the usual form that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors." After the state had proved a sale, the trial judge permitted the state to introduce evidence, over the objection of the defendant, of possession of whisky at a different time and place. The only question presented for review in this case is whether the court erred in permitting the state to prove more than one alternative averment of the complaint. The court's ruling in this connection was free from error. Barefield v. State, 72 South. 293;[1] Brooms v. State, 72 South. 691.[2] There can be but one conviction under a complaint containing only one count, irrespective of the number of offenses charged therein in the alternative. But it is permissible for the state to introduce evidence in proof of each of the alternative offenses charged in the complaint, whereupon the defendant has the right, upon motion, to require the state to elect and thereby ascertain on which transaction shown by the evidence the state relied for a conviction. In the instant case, the defendant was accorded and exercised that right, and the state thereupon elected to prosecute for the alleged sale at the home of the defendant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 14 Ala. App. 638.    [2] 15 Ala. App. 118.

After an examination of the entire record in this case, there appears no error prejudicial to the substantial rights of the defendant, and therefore the judgment of the lower court is affirmed. Moss v. State, 3 Ala. App. 189, 58 South. 62; Barefield v. State, 14 Ala. App. 638, 72 South. 293; Brooms v. State, 15 Ala. App. 118, 72 South. 691.

Affirmed.